LOEB & LOEB LLP
BERNARD R. GIVEN II (SBN 134718)
bgiven@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067
Telephone:    310.282.2000
Facsimile:    310.282.2200

(Proposed) Attorneys for Debtor
COOL FREAKIN' GENIUS LLC

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:26-bk-11023-BB |
| COOL FREAKIN' GENIUS LLC, | Chapter 11, Subchapter V |
| Debtor. | Judge:  Hon. Sheri Bluebond |
| Tax ID. 45-4473052 | **DECLARATION OF BERNARD R. GIVEN, II IN SUPPORT OF APPLICATION OF THE DEBTOR TO EMPLOY LOEB & LOEB LLP AS BANKRUPTCY COUNSEL PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014, EFFECTIVE AS DATE OF PETITION** |
| | [No Hearing Required Unless Requested Pursuant to LBR 2014-1] |

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

DECLARATION OF BERNARD R. GIVEN, II

242915033.1
237253-10003

I, Bernard R. Given, II, declare:

1.    I am an attorney licensed to practice law in the State of California and am a partner at the law firm of Loeb & Loeb LLP ("**Loeb**").  I practice primarily in the areas of bankruptcy law and commercial litigation.  The following is of my own personal knowledge, and if called as a witness, I would competently testify to the following:

2.    I submit this Declaration in support of the application (the "**Application**"), filed contemporaneously herewith by the above-captioned debtor (the "**Debtor**") in the above-captioned Chapter 11, Subchapter V bankruptcy case (the "**Bankruptcy Case**"), for the Court's approval of the employment and retention of Loeb as bankruptcy counsel to the Debtor, upon the terms and conditions described in the Application.  By this Declaration, I hereby provide the disclosures required under sections 327(a) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "**Local Rules**").

## LOEB'S QUALIFICATIONS

3.    Loeb is particularly qualified to serve as Debtor's bankruptcy counsel in this Bankruptcy Case.  Loeb has substantial experience in virtually all aspects of the law that may arise in this bankruptcy case.  In particular, Loeb has extensive expertise in the areas of bankruptcy and restructuring, real estate and leasing, corporate governance, entertainment, intellectual property, finance, litigation, technology, and tax law, among others.

4.    Loeb has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and is uniquely qualified to serve as counsel to the Debtor.

5.    Loeb is familiar with and well-versed in the Debtor's business.  The Debtor first engaged Loeb in 2021 to represent the Debtor, as set forth in that certain

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

DECLARATION OF BERNARD R. GIVEN, II

242915033.1
237253-10003

engagement letter agreement (the "**Engagement Letter**") that is attached to the Given

Decl. as Exhibit "1".

6.      Most recently, Loeb served as counsel to the Debtor in litigation brought

against the Debtor in November 2025 by TIGI Corp., TIGI Holdings Ltd., and Elida

Beauty US (IP) LLC (collectively, the "**TIGI Group**") in the United States District

Court for the Central District of California (the "**District Court**"), Case No. 2:25-cv-

10761-ODW-AS (the "**TIGI Case**").

7.      Because of Loeb's longstanding representation of the Debtor, Loeb has

developed substantial knowledge and familiarity regarding the Debtor that will help

ensure Loeb provides effective and efficient services in this chapter 11 case.

8.      As a result of the District Court's decision to enter a preliminary injunction

against the Debtor in the TIGI Case in January 2026, the Debtor expanded its engagement

of Loeb to include consideration and analysis of the Debtor's strategic alternatives,

including the commencement of this Bankruptcy Case.  Loeb has developed substantial

knowledge and familiarity regarding the Debtor that will help ensure Loeb provides

effective and efficient services in this chapter 11 case.

## SERVICES TO BE PROVIDED

9.      Loeb intends to render general legal services to the Debtor as needed

throughout the course of this Bankruptcy Case, including, without limitation, bankruptcy,

corporate, finance, real estate and leasing, intellectual property, litigation, technology, and

tax advice.  In particular, I anticipate that Loeb will perform the following legal services,

among others, for the Debtor:

      a.    Advise the Debtor of its rights, powers, and duties as debtor and debtor in possession while operating and managing its business under Chapter 11, Subchapter V of the Bankruptcy Code;

      b.    Prepare and assist the Debtor in the preparation of reports, applications, pleadings, and orders including, but not limited to, Motions and Orders, applications to employ professionals, interim statements and operating reports, amending initial filing requirements, schedules and statements of financial affairs, lease pleadings, financing pleadings, and pleadings with respect to the

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

DECLARATION OF BERNARD R. GIVEN, II

Debtor's use, sale, or lease of property outside the ordinary course of business;

c.    Advise the Debtor concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in this bankruptcy case;

d.    Advise the Debtor with respect to certain rights and remedies of the bankruptcy estate and rights, claims, and interests of creditors.

e.    Advise the Debtor regarding actions to collect and recover property for the benefit of its estate;

f.    Advise the Debtor concerning executory contract and unexpired lease assumptions and assignments, and rejections;

g.    Assist the Debtor in reviewing, estimating, and resolving claims asserted against the Debtor's estate;

h.    Assist the Debtor in complying with applicable laws and governmental regulations;

i.    Represent the Debtor in any proceeding or hearing in the Bankruptcy Court involving the estate unless the Debtor is represented in such proceeding by other or special counsel;

j.    Represent and advise the Debtor at the 341(a) meeting of creditors;

k.    Commence and conduct litigation necessary or appropriate to assert rights held by the Debtor, protect assets of the Debtor's bankruptcy estate, or otherwise further the goals of the Debtor in this bankruptcy case;

l.    Prepare and prosecute on behalf of the Debtor a Chapter 11 plan; and

m.    Provide any other services to the extent requested by the Debtor.

10.    The Debtor requires knowledgeable counsel to render these essential professional services.  I respectfully submit that Loeb is well-qualified to perform these services and represent the Debtor's interests in this bankruptcy case.

## LOEB'S COMPENSATION

11.    Loeb intends to charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

242915033.1
237253-10003

DECLARATION OF BERNARD R. GIVEN, II

rendered,[1] except that Loeb has agreed to cap partner rates at $1,100 per hour.  Loeb also intends to seek reimbursement of actual and necessary out-of-pocket expenses.  The names, positions, and current hourly rates of the Loeb lawyers and paraprofessional currently expected to have primary responsibility for providing services to the Debtor are set forth in **Exhibit "2"** hereto.  Compensating Loeb on an hourly basis is consistent with section 328(a) of the Bankruptcy Code.  The Debtor believes that Loeb's hourly rates and terms of engagement are appropriate, fair, and reasonable.

12.     Loeb will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above.  In accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any additional procedures that have been or may be established by the Court in this bankruptcy case, Loeb intends to apply to this Court for compensation and reimbursement of expenses.  Loeb understands that fee awards are subject to approval by the Court, and further understands that interim and final fee awards are subject to notice and approval by the Court.

13.     In the ninety days prior to the Petition Date, the Debtor paid Loeb $164,781.45.  Loeb also holds a retainer in the amount of $25,000.00.  The Debtor does not owe Loeb any amounts for legal services rendered before the Petition Date and Loeb is not a creditor of the Debtor.  Loeb reserves the right to, and will, seek compensation for services rendered, based upon the Firm's and the respective professional's hourly rate, and reasonable expenses incurred postpetition pursuant to section 330 of the Bankruptcy Code.

## LOEB'S CONNECTIONS WITH THE DEBTOR

14.     Loeb has established procedures (the "**Conflict Procedures**") to determine whether it has any relationships to parties that may cause it not to be disinterested or to hold or represent an interest adverse to the Debtor.  Specifically, to implement such

---

[1] Loeb's hourly rates are normally adjusted annually as of January 1.  If the rates are adjusted at any other time, Loeb will provide the U.S. Trustee with prompt notice of the adjusted rates.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

DECLARATION OF BERNARD R. GIVEN, II

242915033.1
237253-10003

Conflict Procedures, Loeb took the following actions to identify (i) parties that may have connections to the Debtor and (ii) Loeb's relationship with such parties:

a. Loeb requested and obtained from the Debtor extensive (but not necessarily comprehensive) lists of interested parties and creditors (the "**Potentially Interested Parties**").[2]    The Potentially Interested Parties include, among others, the Debtor; affiliates of the Debtor; the Debtor's creditors; and employees of the Office of the United States Trustee and the judges for the Central District of California Bankruptcy Court. A copy of the list of the Potentially Interested Parties searched by Loeb is annexed hereto as **Exhibit "3**."

b. Loeb then compared each of the known Potentially Interested Parties to the names in an electronic database of current and former clients that Loeb maintains (the "**Client Database**").    The Client Database generally includes the name of each client of the firm, the name of each party who is or was known to be adverse to such client of the firm, certain parties that are related to the client, and the names of the Loeb partners who are or were primarily responsible for Loeb's representation of such clients.

c. Known connections between former or current clients of Loeb and the Potentially Interested Parties were compiled for purposes of preparing this Declaration.

15.    As a result of the Conflict Procedures, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, Loeb:

a. is not a creditor of the Debtor (including by reason of unpaid fees for prepetition services), an equity security holder of the Debtor or an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code;

b. is not and has not been, within two (2) years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

c. does not have or represent an interest materially adverse to the interests of the Debtor's estate, or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

16.    Loeb is thus a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.  Loeb is qualified for retention as Debtor's counsel.

---

[2]    Loeb will update the list of Potentially Interested Parties during this Bankruptcy Case, as appropriate.   Moreover, Loeb is continuing to review its relationships with Potentially Interested Parties and will supplement this declaration to the extent a relationship should need to be disclosed.

- 6 -

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

DECLARATION OF BERNARD R. GIVEN, II

242915033.1
237253-10003

**REPRESENTATION OF PARTIES-IN-INTEREST**

17.    Loeb and certain of its attorneys may have in the past represented, may currently represent and may in the future represent Potentially Interested Parties in connection with matters unrelated to the Debtor and this Bankruptcy Case.  More specifically, as a result of the Conflict Procedures, I have thus far ascertained that upon information and belief Loeb has the following potentially material connections with certain of the Potentially Interested Parties as set forth in the following paragraphs.

18.    Because of its broad-based general practice, Loeb: (i) has appeared in the past and may appear in the future in cases unrelated to this Bankruptcy Case where one or more of the Potentially Interested Parties may be involved; and (ii) has represented in the past, currently represents and/or may represent in the future one or more of said parties or other Potentially Interested Parties, including creditors, in matters unrelated to the Debtor and this Bankruptcy Case, as set forth below.

19.    In addition, Loeb represents and has represented clients with interests adverse or potentially adverse to creditors or potential creditors of the Debtor, as set forth below.

20.    Certain of my partners at Loeb and certain associates and other attorneys of Loeb, and certain of such persons' relatives, may have familial or personal relationships, as well as business, contractual, or economic relationships, with affiliates, officers, directors, creditors or competitors of the Debtor and/or other Potentially Interested Parties.

21.    Certain of my partners at Loeb and certain associates and other attorneys of Loeb, and certain of such persons' relatives, may directly or indirectly be shareholders of creditors of the Debtor, competitors of the Debtor and/or other parties-in-interest in this Bankruptcy Case.  Moreover, given the number of attorneys in its various offices, attorneys at Loeb may have professional, working, or social relationships with firms or professionals at firms that may be adverse to the Debtor.  Notwithstanding, Loeb has strict policies against disclosing confidential information to anyone outside of the Firm.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

DECLARATION OF BERNARD R. GIVEN, II

242915033.1
237253-10003

22.      Loeb represents Mailchimp in connection with matters unrelated to the Debtor and this Bankruptcy Case.  Citicards is a subsidiary of Citigroup.  Loeb represents Citigroup in connection with matters unrelated to the Debtor and this bankruptcy case.  Nationwide Management Liability & Specialty Claims and E-Risk Services is a subsidiary of Nationwide Mutual Insurance Company and Loeb represents Nationwide Mutual Insurance Company in connection with matters unrelated to the Debtor and this bankruptcy case.  Santander Consumer is a subsidiary of Santander Bank.  Loeb represents Santander Bank in connection with matters unrelated to the Debtor and this bankruptcy case.  Finally, LinkedIn in a subsidiary of Microsoft.  Loeb represents Microsoft in connection with matters unrelated to the Debtor and this bankruptcy case.

23.      I believe that none of the representations or relationships recited above would give rise to a finding that Loeb is not disinterested or that it represents or holds an interest adverse to the Debtor.  Further, Loeb does not believe any of the representations or relationships recited herein will prevent Loeb from representing the Debtor in any potential matters that will arise in the Debtor's case.  Moreover, pursuant to section 327(c) of the Bankruptcy Code, Loeb is not disqualified from acting as the Debtor's counsel merely because it represents certain interested parties in matters unrelated to this chapter 11 case.

24.      For the avoidance of doubt, Loeb will not commence a cause of action against any of the parties set forth above identified as being a current client of Loeb unless Loeb has an applicable waiver on file or first receives a waiver from such party allowing Loeb to commence such action.  To the extent that a waiver does not exist or is not obtained from such client and it is necessary for the Debtor to commence an action against that client, the Debtor will retain a different law firm for the limited purpose of commencing that action.

25.      Loeb has reviewed the relationship that its partners and employees have with the United States Trustee for the Central District of California (the "**U.S. Trustee**")

- 8 -

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

242915033.1
237253-10003

1   and those persons employed in the office of the U.S. Trustee, and I do not believe that

2   Loeb has any material connections with the U.S. Trustee or any person employed in the

3   office of the U.S. Trustee.  Loeb has also reviewed the relationship that its partners and

4   employees have with the bankruptcy judges in the Central District of California, and I do

5   not believe that Loeb has any material connections with any of the bankruptcy judges in

6   the Central District of California.

7          I declare under penalty of perjury under the laws of the State of California and the

8   United States of America that the foregoing is true and correct.  Executed this 13th day of

9   February 2026, at Los Angeles, California.

10

11                                         */s/ Bernard R. Given, II*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

DECLARATION OF BERNARD R. GIVEN, II

242915033.1
237253-10003

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "1"

## [Engagement Letter]

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

EXHIBIT "1"

242915033.1
237253-10003



**LOEB&**
**LOEB**LLP

**JORGE ARCINIEGA**
Partner

10100 Santa Monica Blvd.      **Direct**   310.282.2262
Suite 2200                    **Main**    310.282.2000
Los Angeles, CA  90067        **Fax**     310.388.1045
                              jarciniega@loeb.com

Via E-mail

February 22, 2021

Cool Freakin' Genius, LLC
9366 Flicker Way
Los Angeles, California 90069

Re:   Engagement

Dear Ladies and Gentlemen:

We are pleased that you have chosen our firm to represent Cool Freakin' Genius, LLC in
connection with certain legal matters.  We have set forth in this engagement agreement
("Agreement") the terms of our forthcoming representation, which remains subject to our
standard internal management approval process.  We will, of course, let you know promptly, in
writing, if for any reason, we do not receive such approval.  If you have any questions
concerning any of the information provided in this letter, I will welcome your call.

1.      Scope of Services.

Our initial responsibilities on your behalf will be connection with intellectual property and
licensing matters.  We will not be representing any parent, subsidiary, related, affiliated or
associated person or entity of you, or any of your or their respective officers, directors,
investors, agents, partners or employees.  Thereafter, we will perform such further legal
services for you as you and we may agree upon from time to time.  All further legal services will
be governed by the terms of this letter.

2.      Fees.

Our fees shall be based on the number of hours spent on your matter, at the hourly billing rates
of the attorneys and paraprofessionals who work on your matter.  My current billing rate is
$1,100 per hour and I will be principally responsible for overseeing all of the work that our firm
undertakes at your request.  The firm's billing rates are adjusted periodically, usually at the
beginning of the calendar year, and any such adjustment is applicable to the legal services
performed after the new rates become effective.  You will be able to ascertain any such
adjustments from our invoices, which reflect the hourly billing rate of each timekeeper during the
period covered by the invoice.

It is our practice to assign tasks among lawyers, legal assistants and other members of our staff
in such a way as to produce quality work at a reasonable cost to you, given the nature of the
specific project.  As much as possible I will aim to staff your work with lawyers or paralegal
assistants at rates lower than mine.  Even though I may assign parts of your work to other

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



Cool Freakin' Genius, LLC
February 22, 2021
Page 2

lawyers or other personnel in the office and may use other firm lawyers where specialized help is needed, I will continue to be responsible to you for the entire engagement, and will be available to discuss with you the use of other personnel.

It is the policy of our firm that, to the extent consistent with our professional responsibilities, we will perform no further legal services for you if you become more than sixty days delinquent in the payment of our bills, unless that delinquency is cured.

3.    Expenses Incurred and Other Charges.

In addition to our fees, we will expect you to reimburse us for all expenses incurred on your behalf, including travel costs, air freight, commercial messengers, computer research terminal time and printing costs, secretarial and word processing overtime when dictated by your needs and the like; we will expect you to pay us for all photocopying (currently 15¢ per page); and if we are asked to incur any such expense on your behalf in excess of $2,000, we will ordinarily ask you to prepay those expenses.  In addition, we will ordinarily expect you to pay directly the fees and expenses of any third parties, such as consultants, appraisers, expert witnesses and court reporters, engaged with respect to your matter(s), where the amount of any such fee or expense exceeds $2,000.  In the event that, before or after our representation concludes, we are served with a subpoena, deposition notice or request for production of documents or testimony by any person or entity, you agree to pay for all of our reasonable fees and costs incurred in collecting and reviewing such production and responding to such request.

4.    Billing Practices.

We will send an invoice, monthly, detailing all of the fees, costs and expenses incurred. Payment of the invoice is due upon receipt.  In the event payment is not timely received, we reserve the right to charge interest from inception at the rate of 1% per month.  These invoices will give you sufficient detail to enable you to determine who performed the services on your behalf, the amount of time expended in performing those services and the nature of the expenses incurred.  It is our normal practice to combine all tasks for any given date into one billing entry.

5.    Termination of Representation.

The attorney-client relationship is one of mutual trust and confidence, and you are, of course, free to terminate our relationship at any time. We will also be free to terminate the relationship at any time, and should that unlikely event occur, we will do so in a manner which complies with applicable law, court rules and the Rules of Professional Conduct of the State Bar of California. These rules permit us to withdraw if, among other reasons, your conduct renders it unreasonably difficult for us to carry out the representation effectively, you fail to pay the fees or costs of third parties engaged with respect to a matter or you fail to pay our fees and costs in accordance with this Agreement.  Unless our engagement has been previously terminated, you and we agree that our representation of you shall be deemed completed and terminated upon the completion of our engagement (and any additional matters for which we were retained), and the billing therefor.  If following such termination you thereafter engage us for additional legal services, then in accordance with paragraph 1 above, all such services will be governed by the terms of this letter.



Cool Freakin' Genius, LLC
February 22, 2021
Page 3

6.      No Calendaring, Tracking or Collections.

You acknowledge that agreements entered into by you may require the giving of notice, the exercising of rights (e.g., options), the making of payments by a specified time, or the making of other decisions within certain time periods (e.g., exercising any audit rights, granting an approval or consent, filing UCC Continuation Statements, filing legal actions or replying to legal claims), and that you understand and agree that we will not be responsible for determining or monitoring these time periods, or any dates or calendar items, or tracking compliance on your behalf.  Further, you understand and agree that we are not responsible for collecting monies due to you under any agreements entered into by you.  We may assist you in billing for monies owed or in following up on billing requests or other deadlines, but such assistance would be offered only as a courtesy and imposes no obligation on us.  We will track deadlines in any litigation in which we are your counsel of record.

7.      File Retention Policy.

We will retain your files for six years following the conclusion of your matters.  If you do not request the return of your files in writing before the end of that six-year period, upon the expiration of the period we will have no further obligation to retain the files and may, in our discretion, destroy the files without further notice to you.  If you wish us to retain your files beyond six years, we may charge you for the cost of continued storage, and if, following the conclusion of our representation, you request a copy of your files (either hard copy or electronic) we may charge you for all reasonable search costs and copying costs incurred in responding to your request.  We reserve the right to make, at our expense, and retain copies of all documents generated or received by us in the course of our representation.

8.      Document Preservation.

You understand and agree that, to the extent the matter(s) on which we are representing you involve the reasonable likelihood of litigation, you may be legally required to preserve all relevant documents, in electronic or hard copy form, and to suspend any routine document retention/destruction policies which may be in place.

9.      Use of Name in Marketing Materials.

You understand and agree that we may make public reference to any matters in which our representation is a matter of public record, or to which you agree, consistent with our ethical responsibilities.  Such references may include, without limitation, on our firm website, attorneys' biographical experiences, brochures, matter lists and other promotional materials.

10.     Arbitration and Costs.

We look forward to a long and mutually productive relationship with you.  However, if you become dissatisfied for any reason with the fees charged or the services we have performed, we encourage you to bring that to our attention immediately.  It is our belief that most such problems can be resolved by good faith discussions between the parties.  Nevertheless, it is always possible that some dispute may arise which cannot be resolved by discussions between



us. We believe that such disputes can be resolved more expeditiously and with less expense to all concerned by binding arbitration than by court proceedings.

Arbitration is a process by which both parties to a dispute agree to submit the matter to an arbitrator and to abide by the arbitrator's decision. In arbitration, there is no right to a trial by jury, and the arbitrator's legal and factual determinations are generally not subject to appellate review. Rules of evidence and procedure are often less formal and rigid than in a court trial. Arbitration usually results in a decision more quickly than proceedings in court, and the attorneys' fees and other costs incurred by both sides are usually less. Of course, you are encouraged to discuss the advisability of arbitration with other counsel or any of your other advisors and to ask any questions which you may have.

By executing this engagement agreement you agree that if any dispute between you and the firm arises out of this engagement agreement, our relationship with you or our performance of any current or future legal services, whether those services are the subject of this particular engagement letter or otherwise, that dispute will be resolved solely by binding arbitration in Los Angeles, California, before one arbitrator who shall be a retired California state or California federal judge or magistrate (to be designated through JAMS) and pursuant to the Comprehensive Arbitration Rules and Procedures (as then in effect) of JAMS. The disputes subject to binding arbitration will include, without limitation, disputes regarding or alleging negligence, malpractice, breach of fiduciary duty, fraud, any claim based upon a statute, as well as any dispute as to the fees, or the arbitrability of any such claims. The arbitrator's award will be final and binding, and judgment thereon may be entered in any court of competent jurisdiction. Arbitration will be the sole means of resolving any such disputes, and both parties waive their rights to resolve disputes by jury trial or other court proceedings.

The parties acknowledge that this engagement agreement is a contract involving interstate commerce and that, notwithstanding the governing choice of law provision in this Agreement, this arbitration provision will be interpreted under the Federal Arbitration Act.

11.     Governing Law.

This engagement agreement and its enforcement shall be governed by the laws of the State of California without reference to conflict of law rules.

12.     Conflict of Interest.

We represent many other clients. You agree that we may represent, now and in the future, other persons and entities. In particular, you agree that while we are representing you in active, pending matters, we may represent other clients in any matters adverse to you (or which may be adverse to any of your subsidiaries or affiliates), provided that the matters (a) are not substantially related to active matters we are working on for you, (b) do not involve situations where we have obtained confidential information from you that is material to the new matter(s), or (c) are not litigations or arbitrations in which we are adverse to you. Additionally, if our representation of you is terminated, we may thereafter represent other clients with interests adverse to yours, or your affiliates or subsidiaries (even in litigation), provided that the representation does not involve confidential information we have obtained from you that is material to those matters. By executing this engagement agreement you are agreeing to waive



any conflict of interest that arises in any of the aforementioned situations. If for any reason your consent and waiver of potential conflicts is not effective in the circumstances, you consent to our resignation from our representation of you if such resignation is permissible under applicable professional rules.

In addition, please be aware that Loeb & Loeb LLP has internal ethics and professional responsibility counsel, who advise Loeb & Loeb attorneys generally regarding their ethical, professional and legal duties. From time to time, the Loeb & Loeb attorneys working on your matter may consult these lawyers. You acknowledge that any such consultation is protected by Loeb & Loeb's own attorney-client privilege, and you waive any right to discovery of those communications. Should circumstances arise in which Loeb & Loeb LLP faces a conflict of interest with respect to or by virtue of these communications, you agree to waive that conflict. You also agree that such communications are property of the firm and are not part of your files for purposes of the aforementioned File Retention Policy.

14.    Complete Agreement.

This letter represents the entire agreement between you and our firm regarding our representation and supersedes any prior agreements or understandings.

If you ever have any concerns about our work, please feel free to contact Kenneth Florin, our Chairman.

If you agree with the foregoing, please sign the enclosed copy of this engagement agreement and return it to me.

I am looking forward to working with you. Thank you again for choosing Loeb & Loeb LLP.

Sincerely yours,


Jorge Arciniega
Partner

The undersigned has read and understood this engagement agreement and acknowledges that this engagement agreement is subject to binding arbitration as provided above. The undersigned represents that he or she has been expressly authorized to enter into this Agreement on behalf of Cool Freakin' Genius, LLC. The foregoing accurately sets forth all the terms of your engagement and is approved and accepted as of February 23, 2021.

Cool Freakin' Genius, LLC

By: _____

Its: _____

**Exhibit "2"**

| Name | Position | Hourly Rate |
|---|---|---|
| Bernard R. Given, II | Partner | $1,100.00 |
| Bethany D. Simmons | Partner | $1,100.00 |
| Fiona McKeown | Paralegal | $465.00 |

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

242915033.1
237253-10003

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Exhibit "3"

### Potentially Interested Parties

**Debtor and Debtor's Affiliates**
Cool Freakin' Genius, LLC

**Management**
Kyara Mascolo

**Equity Holders**
Kyara Mascolo 2015 Delaware Grantor Trust
Bruno Mascolo 2015 Delaware Grantor Trust

**20 Largest Creditors**

Kyara M. Mascolo, Trustee of Bruno Mascolo 2015 Delaware Grantor trust fbo
Elisabettta Ray Mascolo dated September 2 2015
TIGI Linea Corp.
TIGI Holdings Ltd.
Elida Beauty US (IP) LLC
FillStorShip LLC
Citicards

**Banks**
Bank of America

**Insurers**
Evanston Insurance Co
Knowles & Company Insurance Services
Lenmark Insurance

Nationwide Management Liability & Specialty Claims and E-Risk Services
State Farm
Scottsdale Insurance Company

**Contract Counterparties and Vendors**
Canva
CCSI efax
Expenisfy
Freight Transportation Co.
GAR Laboratories
Industrious
Intuit
Linkedin

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

EXHIBIT "3"

242915033.1
237253-10003

Linktree
Mailchimp
Probizkeepers, LLC
Santander Consumer
Zoomcom

**Taxing Authorities**
California Tax and Fee Administration
Department of Treasury Internal Revenue Service

Los Angeles County Tax Collector Small Business Administration
State of California Franchise Tax Board
Bankruptcy Section, MS: A-340
State of California, State Board of Equalization
Social Security Administration
Office of the General Counsel, Region III

**Office of the United States Trustee – Region 16, Los Angeles Office**
Peter C. Anderson
Michael Jones
Kenneth Misken
Abram Feuerstein
Dare Law
Noreen Madoyan
Ron Maroko
Kelly Morrison
David S. Shevitz
Hatty Yip
Patti Brundige
Karen Polk
Jason Russell
Helen E. Cardoza
Marlene Fouche
Jenna Rose Hunter
Jieun Kwon
Helen Cruz
Sonny Flores
Stephanie J. Hill

**Subchapter V Trustee**
Moriah Douglas Flahaut

**Central District of California - Bankruptcy Judges**
Hon. Theodor Albert
Hon. Martin Barash

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

EXHIBIT "3"

242915033.1
237253-10003

| | |
|---|---|
| 1 | Hon. Neil Bason |
| 2 | Hon. Sheri Bluebond |
| | Hon. Julia Brand |
| 3 | Hon. Scott Clarkson |
| | Hon. Ronald Clifford III |
| 4 | Hon. Mark Houle |
| 5 | Hon. Victoria Kaufman |
| | Hon. Sandra Klein |
| 6 | Hon. Robert Kwan |
| | Hon. Geraldine Mund |
| 7 | Hon. Magdalena Reyes Bordeaux |
| 8 | Hon. Barry Russell |
| | Hon. Deborah Saltzman |
| 9 | Hon. Erithe Smith |
| | Hon. Maureen Tighe |
| 10 | Hon. Scott Yun |
| 11 | Hon. Gregg Zive |
| | Hon. Vincent Zurzolo |

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

EXHIBIT "3"

242915033.1
237253-10003

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled:
**DECLARATION OF BERNARD R. GIVEN, II IN SUPPORT OF APPLICATION OF THE DEBTOR TO EMPLOY LOEB &
LOEB LLP AS BANKRUPTCY COUNSEL PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 2014, EFFECTIVE DATE OF PETITION** will be served or was served **(a)** on the judge in chambers
in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**February 13, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Subchapter V Trustee, df@echoparklegal.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **February 13, 2026**, I served the following persons and/or entities at
the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 13, 2025 | Fiona McKeown | /s/ Fiona McKeown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

**Service List**

Moriah Douglas Flahaut (TR)
Echo Park Legal, APC
2210 Sunset Blvd. #301
Los Angeles, CA 90026


U.S. Trustee
United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017


Intuit (software&payroll) subscription
c/o CSC
251 Little Falls Drive
Wilmington, DE 19808


Adams Duerk and Kamenstein LLP
Alec Johnson
445 S Figueroa Street Suite 2300
Los Angeles, CA  90071


Bank of America
Attn: Bankruptcy Department
475 Cross Point Pkwy PO Box 9000
Getzville, NY 14068


CitiCards
PO Box 6500
Sioux Falls, SD 57117


Elida Beauty US (IP) LLC
1656 Waters Ridge Dr
Lewisville, TX 75057


FillStorShip LLC
C/o Chad Junkin
15601 Cypress St
Irwindale, CA 91706


Fross Zelnick Lehrman and Zissu PC
Leo Kittay
152 West 42nd St 18th Fl
New York, NY 10037
Fross Zelnick Lehrman and Zissu PC
Jessica G Ogden
151 West 42nd St 17th Fl
New York, NY 10036

TIGI Corp
800 Sylvan Ave
Englewd Clfs, NJ 07632


TIGI Holdings Ltd
C/O Dwf Co Secretarial Services Ltd
1 Scott Place 2 Hardman Street
Manchester, UK M3 3AA