LOEB & LOEB LLP
BERNARD R. GIVEN II (SBN 134718)
bgiven@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067
Telephone:    310.282.2000
Facsimile:    310.282.2200

Attorneys for Debtor
COOL FREAKIN' GENIUS LLC

# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>COOL FREAKIN' GENIUS LLC,<br><br>      Debtor.<br><br><br>Tax ID. 45-4473052 | Case No.: 2:26-bk-11023-BB<br><br>Chapter 11, Subchapter V<br><br>Judge:  Hon. Sheri Bluebond<br><br>**AMENDED CHAPTER 11 INITIAL CONFERENCE STATUS REPORT**<br><br>[No Hearing Required Unless Requested Pursuant to LBR 9013-1(o)] |

**TO THE ABOVE HONORABLE SHERI BLUEBOND, CHIEF UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

Cool Freakin' Genius LLC ("CFG"), Debtor and Debtor-in-Possession in the above-referenced Chapter 11 case, hereby files this Amended Chapter 11 Status Report pursuant to the Order Setting Scheduling and Case Management Conference in Subchapter V case (the "Status Conference Order") [Docket No. 44].

243288821.1
237253-10004

## INFORMATION REQUIRED BY THE STATUS CONFERENCE ORDER

**A.     A brief description of the debtor's businesses and operations, if any, and the principal assets and liabilities of each estate.**

The Debtor sells cosmetics and hair care products under the brand name **freakin' genius**.  CFG's aim is to target professional salons and stylists exclusively.  Prior to the bankruptcy filing and the issuance of a the Preliminary Injunction (described below), CFG sold **freakin' genius** products in 56 salons, mostly on the East Coast and West Coast.

The Debtor has no secured debt, but does have an outstanding unsecured loan from a related party totaling $1,200,000.  The Debtor's remaining debt relates to the Trade Dress Lawsuit, to the extent those plaintiffs were to ultimately prevail, and certain limited trade debt.

**B.     Brief answers to these questions:**

**1.     What Precipitated The Bankruptcy Filing?**

The Bankruptcy filing was precipitated by the issuance of a Preliminary Injunction in a Trade Dress Infringement case in the United States District Court for the Central District of California, Case No. 2:25-cv-10761-ODW-AS (the "Trade Dress Lawsuit") with respect to the sale of certain products.  The Trade Dress Lawsuit was brought by TIGI Corp., TIGI Holdings Ltd., and Elida Beauty US (IP) LLC (collectively, "TIGI").

**2.     What Does The Debtor Hope To Accomplish In This Chapter 11 Case?**

The Debtor hopes to use the Chapter 11 case to amicably and efficiently resolve the outstanding dispute with TIGI and proceed to sell products so that it may pay its creditors and retain its employees.  More importantly, the allowed claim of TIGI, if any, can be paid in accordance with the Bankruptcy Code provisions and the requirements of Subchapter V.

243288821.1
237253-10004

2

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

**3.** **What Are The Principal Disputes Or Problems Likely To Be Encountered During The Course Of The Debtor's Reorganization Efforts?**

The principal dispute is the resolution of the nature and scope of the Preliminary Injunction issued by the United States District Court and the associated dispute with TIGI in the Trade Dress Lawsuit.

**4.** **How Does The Debtor Recommend That These Disputes Be Resolved And Why?**

The Debtor believes, and in fact has demonstrated, that Chapter 11 is the best vehicle to resolve these disputes. More specifically, the Debtor has already reached an agreement with TIGI to sell certain products which the Debtor believes are not infringing as a result of substantial redesign since the filing of the Chapter 11 case.

**5.** **Has The Debtor Complied With All Of Its Duties Under FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184 And 1187 And All Applicable Guidelines Of The Office Of The United States Trustee, And, If No, Why Not?**

The Debtor has complied with all of its duties under FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184 and 1187 and all applicable guidelines of the Office of the United States Trustee.

**6.** **Do Any Parties Claim An Interest In Cash Collateral Of The Debtor?**

There are no parties which claim an interest in cash collateral of the Debtor.

**7.** **Is The Debtor Using Cash That Any Party Claims As Its Cash Collateral And, If So, On What Date(s) Did The Debtor Obtain**

243288821.1
237253-10004

3

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

**An Order Authorizing The Use Of Such Cash Or The Consent Of Such Party?**

Not applicable.

**C.    The identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered in response to such applications, if any, and a general description of the type of services to be rendered by each or the purpose of the employment.**

The Debtor has retained Loeb & Loeb LLP ("Loeb") as its counsel in this Chapter 11 case.  An application to employ Loeb was filed on February 13, 2026 [Docket No. 29].  The application sets forth all of the services that Loeb anticipates providing to the Debtor in connection with this Chapter 11 case.  The Court entered an order granting the Debtor's application to employ Loeb as its counsel on March 16, 2026 [Docket No. 41].

The Debtor also expects to file an application to employ an expert to assist it in demonstrating the feasibility of its forthcoming Plan.

**D.    In operating cases, evidence regarding projected income and expenses for the first six months of the case.**

Because of the issuance of the Preliminary Injunction, the Debtor is unable at this time to project its income for the first six months of the case.  The Debtor anticipates that its expenses for the first six months of the case will be similar to those set forth on the February 2026 Monthly Operating Report, less refund expenses [Docket No. 43].

243288821.1
237253-10004

4

AMENDED CHAPTER 11 INITIAL CONFERENCE STATUS REPORT

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

**E.       Proposed deadlines for the filing of claims and objections to claims.**

The Court has set the deadline for filing claims as April 14, 2026 for all creditors, except for governmental entities, which have until August 3, 2026 to file claims [Docket No. 7].

**F.       A proposed deadline for the filing of a plan of reorganization within the time frame set forth in 11 U.S.C. § 1189, or an explanation of why the debtor believes that the deadline set forth in section 1189 should be extended due to circumstances for which the debtor should not justly be held accountable.**

Consistent with 11 U.S.C. § 1189, the Debtor will file a plan on or before May 4, 2026, which is the date that is 90 days after the Petition Date.

**G.       A discussion of the efforts that the debtor has undertaken and will undertake to attain a consensual plan of reorganization in the case or an explanation of why the debtor does not believe that it will be possible for the debtor to negotiate a consensual plan of reorganization.**

The Debtor believes that a consensual Plan is attainable and is prepared to negotiate the terms of such a Plan with TIGI.  The Debtor is also prepared to seek the assistance of the Subchapter V Trustee as a mediator to attain a consensual Plan.

**H.       A discussion of any significant unexpired leases and executory contracts to which the debtor is a party and the debtor's intentions with regard to these leases and contracts.**

The Debtor leases warehouse space for its merchandise.  The term of that lease expires on September 2, 2026 but automatically renews on a monthly basis thereafter unless terminated.

243288821.1
237253-10004

5

AMENDED CHAPTER 11 INITIAL CONFERENCE STATUS REPORT

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

Dated:    April 2, 2026

Respectfully submitted,

LOEB & LOEB LLP
BERNARD R. GIVEN, II


By: /s/ Bernard R. Given, II
         Bernard R. Given, II

Attorney for Defendant
COOL FREAKIN' GENIUS LLC

243288821.1
237253-10004

6

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

AMENDED CHAPTER 11 INITIAL CONFERENCE STATUS REPORT