LOEB & LOEB LLP
BERNARD R. GIVEN II (SBN 134718)
bgiven@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067
Telephone:  310.282.2000
Facsimile:  310.282.2200

LOEB & LOEB LLP
BETHANY D. SIMMONS (*pro hac vice*)
bsimmons@loeb.com
345 Park Avenue
New York, NY 10154
Telephone:  212.407.4000

Attorneys for Debtor
COOL FREAKIN' GENIUS LLC

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>COOL FREAKIN' GENIUS LLC,<br><br>Debtor<br><br>Tax ID. 45-44473052 | Case No. 2:26-bk-11023-BB<br><br>Chapter Chapter 11, Subchapter V<br><br>Judge:  Hon. Sheri Bluebond<br><br>**DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION DATED JUNE 18, 2026** |

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

## TABLE OF CONTENTS

**Page**

I.    BACKGROUND .................................................................................................. 7

    A.    Description of the Debtor's Business ................................................... 7

    B.    Prepetition Debt Structure ................................................................. 8

    C.    Events Leading to the Commencement of the Chapter 11 Case ........... 8

II.    EVENTS DURING THE CHAPTER 11 CASE .............................................. 9

    A.    Commencement of the Case ............................................................... 9

    B.    The "First Day Pleadings" ................................................................. 9

    C.    Employment of Professionals ........................................................... 10

    D.    Post-Petition Operations and Events ................................................ 10

III.    THE CHAPTER 11 PLAN PROCESS AND CONFIRMATION
REQUIREMENTS IN A SUBCHAPTER V CASE ...................................... 11

    A.    The Plan Satisfies the "Best Interest of Creditors Test" ................... 11

    B.    The Plan is "Fair and Equitable" and Can Be Confirmed Over the
Objection of Class 2 General Unsecured Creditors ........................... 12

    C.    The Plan is Feasible and the Debtor Will be Able to Make All
Distributions Under the Plan ........................................................... 13

IV.    TREATMENT OF UNCLASSIFIED CLAIMS ............................................ 14

    A.    Administrative Claims ..................................................................... 14

    B.    Professional Fee Claims ................................................................... 14

    C.    Priority Tax Claims .......................................................................... 15

V.    CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS AND
INTERESTS ................................................................................................... 15

    A.    Classification and Treatment Generally ........................................... 15

    B.    Classification and Treatment of Classified Claims and Interests ....... 15

VI.    MEANS OF IMPLEMENTATION ............................................................... 17

    A.    Plan Funding ................................................................................... 17

    B.    Continued Reorganized Operations ................................................. 17

    C.    Corporate Governance ..................................................................... 17

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

D.    Section 1145 Exemption ............................................................. 17

E.    Prepetition Date Inventory ......................................................... 18

F.    Rights of Action ........................................................................ 18

VII.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES ........................................ 18

A.    Assumption and Rejection of Executory Contracts and Unexpired Leases ........................................................................ 18

B.    Bar Date for Rejection Damages ................................................. 19

VIII. DISTRIBUTIONS .............................................................................................. 19

A.    Reorganized Debtor to Make Distributions ................................ 19

B.    Method of Payment; Payments, Filings, and Notices Only on Business Days ................................................................................ 19

C.    Undeliverable or Unclaimed Distributions ................................ 20

D.    Time Bar to Cash Payments ....................................................... 20

E.    Setoff and Recoupment .............................................................. 20

F.    No Interest .................................................................................. 21

G.    Disputed Claims ......................................................................... 21

IX.   ALLOWANCE OF CLAIMS AND INTERESTS ....................................................... 21

A.    Disallowance of Claims ............................................................. 21

B.    No Distribution Pending Allowance .......................................... 22

C.    Allowance of Claims .................................................................. 22

X.    EFFECT OF THE PLAN ON CLAIMS, INTERESTS, AND CAUSES OF ACTION ....................................................................................................... 22

A.    Binding Effect ............................................................................ 22

B.    Vesting of Assets ....................................................................... 22

C.    Authority to Effectuate Plan ...................................................... 23

D.    Discharge .................................................................................... 23

XI.   EXCULPATION, INJUNCTION, AND RELATED PROVISIONS ............................. 23

A.    Exculpation ................................................................................. 23

B.    Injunction ................................................................................... 24

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 3 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

| | C. | Preservation and Application of Insurance | 24 |
| | D. | Retention, Reservation, and Prosecution of Rights of Action | 24 |
| XII. | | CONDITIONS TO OCCURRENCE OF EFFECTIVE DATE | 25 |
| | A. | Conditions to Effectiveness | 25 |
| | B. | Waiver of Conditions | 25 |
| | C. | Effect of Non-Occurrence of the Effective Date | 25 |
| XIII. | | RETENTION OF JURISDICTION | 26 |
| XIV. | | MISCELLANEOUS | 28 |
| | A. | Effecting Documents; Further Transactions; Timing | 28 |
| | B. | Continuing Viability of Other Orders/Agreements | 29 |
| | C. | Post-Effective Date Fees; Final Decree | 29 |
| | D. | Modification and Amendments | 29 |
| | E. | Revocation, Withdrawal, or Non-Consummation | 29 |
| | F. | Exhibits/Schedules | 29 |
| | G. | Notices | 30 |
| | H. | Entire Agreement | 30 |
| | I. | Severability | 31 |
| | J. | Conflicts | 31 |

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 4 -

Cool Freakin' Genius, LLC, the debtor and debtor in possession in the above-referenced Chapter 11 Case, proposes this Debtor's Fist Amended Chapter 11 Subchapter V Plan of Reorganization, dated June 18, 2026.

ALL CREDITORS ARE ENCOURAGED TO READ THIS PLAN IN ITS ENTIRETY.

### RULES OF INTERPRETATION AND CONSTRUCTION

**Generally**. For purposes of the Plan: (i) any reference in the Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented; (ii) unless otherwise specified, all references in the Plan to Sections, Articles, and exhibits are references to Sections, Articles, and exhibits of or to the Plan; and (iii) the rules of construction set forth in section 102 of the Bankruptcy Code and the Bankruptcy Rules shall apply unless superseded herein or in the Confirmation Order.

**Definitions.** All capitalized terms not defined elsewhere in the Plan shall have the meanings assigned to them in the Glossary of Defined Terms attached as **Exhibit 1** to the Plan. Any capitalized term used in the Plan that is not defined herein has the meaning ascribed to that term in the Bankruptcy Code and/or Bankruptcy Rules.

**Time Periods**. In computing any period of time prescribed or allowed by the Plan, unless otherwise set forth herein or determined by the Bankruptcy Court, the provisions of Bankruptcy Rule 9006 shall apply.

**Miscellaneous Rules**. (i) The words "herein," "hereof," "hereunder," and other words of similar import refer to the Plan as a whole, not to any particular Section, subsection, or clause, unless the context requires otherwise; (ii) whenever it appears appropriate from the context, each term stated in the singular or the plural includes the singular and the plural, and each pronoun stated in the masculine, feminine, or neuter includes the masculine, feminine, and the neuter; and (iii) captions and headings to Articles and Sections of the Plan are inserted for convenience of reference only and are not intended to be a part or to affect the interpretation of the Plan.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

# **INTRODUCTION**

The Debtor proposes the following Chapter 11 Plan of Reorganization.

In accordance with Section 1190 of the Bankruptcy Code, this Plan includes (a) a brief history of the business operations of the Debtor, (b) a liquidation analysis, and (c) projections with respect to the ability of the Debtor to make payments under the Plan.

This Plan provides the mechanism, timing, and details of all treatment and payment of creditor claims against the Debtor. It is the blueprint for the Debtor's emergence from bankruptcy as a stronger and viable entity. The information contained in this document is designed to provide creditors and interest holders of the Debtor with information to enable them to make an informed judgment concerning the method by which the Debtor plans to reorganize and emerge from bankruptcy. **If the Bankruptcy Court confirms the Plan, it will be binding on the Debtor, its creditors, equity holders, and other interested parties.**

This Plan provides for a reorganization of the Debtor to preserve its going concern value and future business. Under this Plan, the Debtor will (i) pay all of its Professional Fee Claims and Priority Claims in full on the Effective Date of the Plan, (ii) pay the B. Mascolo Trust Claim interest for the five year term of the Plan and thereafter until its maturity in 2035, and (iii) pay the claims of holders of Allowed General Unsecured Claims on a *pro rata* basis in an amount equal to the next five years of the Debtor's Projected Disposable Income.

The Debtor believes this Plan satisfies the primary goal of Chapter 11, which is to enable the Debtor to reorganize, restructure, and emerge as a productive business. The Debtor submits that this Plan will accomplish these goals and that Confirmation of the Plan will provide the best possible return to Holders of Allowed Claims and is in the best interests of the Debtor, its Creditors, and Interest holders.

**ACCORDINGLY, THE DEBTOR STRONGLY URGES YOU TO VOTE IN FAVOR OF THIS PLAN.**

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 6 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

## THE PLAN CONFIRMATION HEARING

Pursuant to section 1128 of the Bankruptcy Code, a Confirmation Hearing will be held on [_____], 2026 at [__:__ _.m.] (PT). The Bankruptcy Court may adjourn the Confirmation Hearing from time to time without further notice except for the announcement of the adjournment date made at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing.

Any objection to confirmation of the Plan must be made in writing and specify in detail the name and address of the objecting party, all grounds for the objection, and the amount of the claim held by the objecting party. Any objection must be filed with the Bankruptcy Court and served so that it is received by the Bankruptcy Court, the U.S. Trustee, the Subchapter V Trustee, and Counsel for the Debtor on or before [_____], 2026. Objections to confirmation of the Plan are governed by Bankruptcy Rule 9014.

Any interested party desiring further information about the Plan should contact Debtor's Counsel.

## I.    BACKGROUND

**A.    Description of the Debtor's Business**.

The Debtor is a cosmetics and haircare company that produces high-quality, meticulously formulated products using premium ingredients that cater exclusively to mid and high-end professional salons. CFG is headquartered in West Hollywood, California, where it develops, promotes, and markets its brand, products and business strategy. The Debtor is the exclusive distributor of CFG Branded Products, which includes hair products for professional salons.  As of the Petition Date, the Debtor sold its products in 56 salons, most of which are located on the East and West Coast.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 7 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

**B.**     **Prepetition Debt Structure**.

The Debtor has no secured debt.

The Debtor manages its own cash flow needs using profits and unsecured loans from  related parties to pay obligations in the ordinary course of its business. Prior to the Petition Date, the unsecured loans totaled approximately $1.972 million.

As of the Petition Date, the Debtor estimates it has approximately 4 creditors who are owed approximately $2 million (including the debts owed to related parties).  As discussed below, TIGI Group also asserts claims against the Debtor in an unliquidated amount related to a trademark infringement lawsuit, which the Debtor disputes.

**C.**     **Events Leading to the Commencement of the Chapter 11 Case**.

In November 2025, the TIGI Group filed a complaint against the Debtor in the United States District Court for the Central District of California (the "District Court"), commencing Case No. 2:25-cv-10761-ODW-AS (the "TIGI Case"). TIGI Group asserted that the Debtor engaged in trademark infringement relating to the trade dress of certain brands owned by TIGI Group, including BED HEAD, and also engaged in unfair competition and false advertising. TIGI Group also filed a motion seeking a preliminary injunction that would prohibit the Debtor from using its current packaging and design for its products. While the Debtor aggressively opposed the issuance of a preliminary injunction, the District Court granted TIGI Group's motion on January 12, 2026 and issued a preliminary injunction prohibiting the Debtor from using its current packaging or any packaging similar to the trade dress of certain TIGI Group products.

Subsequent to the entry of the preliminary injunction, the Debtor attempted to reach a resolution with the TIGI Group, but the parties were unable to reach an agreement.

Based upon the profit generated from the products that the District Court believed the Debtor might be infringing, the Debtor believes that TIGI Group's damages would not exceed $75,000. The Debtor understands that TIGI Group believes its damages amount is much higher.  Accordingly, since the Debtor was unable to negotiate a satisfactory resolution with TIGI Group, was unable to sell any of its CFG Branded Products as of the

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 8 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

Petition Date, and did not have sufficient cash flow to fund the cost to litigate the TIGI Case or pay TIGI's claim, the Debtor determined to file this Chapter 11 Case.

## II.  EVENTS DURING THE CHAPTER 11 CASE

### A.  Commencement of the Case.

On February 3, 2026, the Debtor filed its voluntary Petition under chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V as a "small business debtor." Since then, the Debtor has been operating as Debtor-in-Possession. On February 4, 2026, the United States Trustee appointed Moriah Douglas Flahaut as the Subchapter V Trustee.

As described in detail in the *Declaration of Kyara Mascolo, Manager of Cool Freakin' Genius LLC, in Support of Chapter 11 Subchapter V Petition and First Day Motions* [Dkt. No. 10], the Debtor filed for relief under Chapter 11, Subchapter V to preserve its business, to restructure, and to emerge from Chapter 11 as a stronger and well positioned company.

### B.  The "First Day Pleadings".

Along with its Petition, the Debtor filed two "First Day Pleadings" seeking relief that the Debtor believed was necessary to avoid irreparable harm in the early days of this Chapter 11 Case, enable it to efficiently administer its estate and continue to operate its business with minimal disruption and loss of value, and to ensure the best outcome for the Debtor, its estate, and its Creditors. The Debtor sought relief to enable it to pay its employees for amounts owed to them on account of prepetition benefits and wages, and to enable it to continue to maintain its existing cash management system and bank account. The Court granted the relief sought by the Debtor in these First Day Pleadings in part. Namely, the Court granted the Debtor's request to pay employee compensation but directed the Debtor to open debtor-in-possession bank accounts.  The Debtor complied and open such accounts at East West Bank.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 9 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

### C.    Employment of Professionals.

The Debtor filed an application for the Bankruptcy Court to approve the employment of Loeb & Loeb LLP as general and restructuring counsel for the Debtor. The Court entered an order approving the employment of Loeb & Loeb LLP on March 16, 2026 [Dkt. No. 41].

### D.    Post-Petition Operations and Events.

Because the Debtor's business is to develop and sell CFG Branded Products, the Debtor's continued operations depend on it being able to produce, market, and distribute its cosmetic and hair care products to professional salons. However, due to the preliminary injunction issued by the District Court in the TIGI Case, the Debtor has been stayed from selling and distributing its products.

While the Debtor continues to dispute TIGI Group's claims and believes that none of its products infringe on the trade dress of any of TIGI's Group's products, the Debtor determined to nevertheless redesign its product packaging.  The Debtor expended significant time and effort prior to the Petition Date and after the Petition Date designing and producing new product packaging that will indisputably not infringe on trademark or trade dress rights belonging to TIGI Group. The Debtor's ability to produce and sell these redesigned CFG Branded Products is critical to the Debtor's ability to successfully reorganize.

To enable to the Debtor to continue to operate during this Chapter 11 Case and to progress the redesign of CFG Branded Products, the B. Mascolo Trust has provided the Debtor with unsecured loans in the amount of approximately $400,000 since the Petition Date.  The Debtor expects to require further unsecured loans from the B. Mascolo Trust to enable it to achieve confirmation of this Plan and to facilitate its operations during a portion of the Plan term.  To that end, the Debtor anticipates entering into the B. Mascolo Trust Letter of Credit to govern the terms of repayment of the B. Mascolo Trust Claim and the Debtor's go-forward financing needs until it can operate at a profit. The Debtor anticipates that the B. Mascolo Trust Letter of Credit will be payable at an interest rate of

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

3.7% and that the Debtor will be required to make annual interest only payments though the 2035 maturity date when all principal and interest shall become due and payable.

### III.  THE CHAPTER 11 PLAN PROCESS AND CONFIRMATION REQUIREMENTS IN A SUBCHAPTER V CASE

The Debtor's end goal for this Chapter 11 Case is the confirmation of the Debtor's Plan. To provide Creditors with sufficient information to analyze the Plan, this document contains projections of the Debtor's Projected Disposable Income during the term of the Plan and a liquidation analysis.

In order for a Bankruptcy Court to confirm the Plan, under sections 1129, 1190, and 1191 of the Bankruptcy Code, the Bankruptcy Court must:

i.  find that the Plan satisfies the "best interest of creditors test"—meaning that creditors will receive more under the Plan than they would get if the Debtor and its assets were liquidated under Chapter 7 of the Bankruptcy Code;

ii.  find that the Plan is "Fair and Equitable"—meaning that the Plan must provide distributions to creditors no less than the Projected Disposable Income over a three to five year commitment period; and

iii.  find that the Reorganized Debtor will be, or is reasonably likely to be, able to make the payments it promises to make under the Plan.

### A.  The Plan Satisfies the "Best Interest of Creditors Test"

Section 1129(a)(7) of the Bankruptcy Code requires that in order for this Plan to be confirmed, each holder of a claim in an impaired class of creditors must either (1) have voted to accept this Plan, or (2) this Plan must provide for each impaired creditor to receive at least as much as it would as of the Effective Date if the Debtor were liquidated under Chapter 7 on that date.

Class 2 General Unsecured Creditors are impaired under the Plan.  A liquidation analysis prepared by the Debtor with the assistance of its advisors is set forth in **Exhibit 2** to this Plan. The liquidation analysis provides a listing and analysis of all of the Debtor's assets and liabilities. The Debtor and its advisors have concluded that a liquidation of the

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 11 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

Debtor's assets would result in no distribution to holders of Allowed Class 2 Claims. While the Debtor had substantial inventory as of the Petition Date, the Debtor does not believe that it would have any significant value in a liquidation scenario because of the preliminary injunction in the TIGI Case.  The Debtor believes that its remaining assets have little value in a liquidation.  Moreover, in a liquidation scenario, the B. Mascolo Trust would be unwilling to provide further funding to the Debtor or to agree to payment of interest only on its Administrative Claim.  This means that the assets available to pay all claims in the case, including those relating to a Chapter 7 trustee and the winddown of the business, would be generally limited to the Debtor's cash on hand plus accounts receivable and liquidation of the Debtor's personal property.

**B.     The Plan is "Fair and Equitable" and Can Be Confirmed Over the Objection of Class 2 General Unsecured Creditors**

Under the Bankruptcy Code, the Debtor can confirm its Plan in one of two ways: (1) on a consensual basis, or (2) on a nonconsensual basis.  In order for the Plan to be confirmed on a consensual basis under sections 1191(a) and 1129(a) of the Bankruptcy Code, unsecured creditors in Class 2 must vote in favor of the Plan by at least 2/3 in dollar amount and more than 1/2 in number of the Allowed Claims in the Class.  In order for he Plan to be confirmed under section 1191(b) of the Bankruptcy Code over the objection of a non-consenting class of creditors, it must comply with the "cram down" provisions of the Bankruptcy Code. This requires the Court to find that the Plan does not discriminate unfairly and is fair and equitable with respect to Class 2 General Unsecured Creditors if Class 2 rejects the Plan.. Under 11 U.S.C. § 1191(c), the "fair and equitable" standard requires, among other things, that the Plan provides that all of the Projected Disposable Income of the Debtor to be received in the three- to five-year period following the effective date of the plan.

Here, the Debtor is proposing to make payments of its Projected Disposable Income to creditors for a period of five years. Based upon the analysis prepared by the Debtor with the assistance of its advisors, the Debtor's Projected Disposable Income post

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 12 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

Effective Date, after receipt of general unsecured loans from the B. Mascolo Trust pursuant to the B. Mascolo Trust Letter of Credit will total approximately $400,000 over the five year term of the Plan. The analysis of the Debtor's Projected Disposable Income is contained at **Exhibit 3** to this Plan. Because the Debtor is proposing to make payments to its creditors of all of its Projected Disposable Income over a period of five years, the Debtor believes that the Plan is fair and equitable and can be confirmed even if Class 2 General Unsecured Creditors reject the Plan.

**C.    The Plan is Feasible and the Debtor Will be Able to Make All Distributions Under the Plan**

Sections 1191(c)(3)(A)(i) and (ii) of the Bankruptcy Code require that the Debtor "be able to make all payments under the plan; or that there is a reasonable likelihood that the debtor will be able to make all payments under the plan." The Debtor's Plan satisfies these requirements.

The Debtor submits that its Projected Disposable Income as set forth on **Exhibit 3** is reliable and based on management's role in selling and distributing haircare and cosmetics products in the United States for more than thirty years. Moreover, the Debtor's operational costs are backstopped by the funding that will be provided pursuant to the B. Mascolo Trust Letter of Credit.

While the Debtor anticipates that either it or the Reorganized Debtor will object to the TIGI Group Claim, the Debtor does not believe that feasibility of this Plan is dependent on whether the TIGI Group Claim is an Allowed General Unsecured Claim or if it is disallowed.

The categories of Claims and Interests listed below classify Claims and Interests for all purposes, including voting, confirmation, and Distribution under this Plan and pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.

**SUBJECT TO CERTAIN RESTRICTIONS AND REQUIREMENTS SET FORTH IN SECTION 1193 OF THE BANKRUPTCY CODE, FEDERAL RULE OF BANKRUPTCY PROCEDURE 3019 AND THIS PLAN, THE DEBTOR**

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 13 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

**RESERVES THE RIGHT TO ALTER, AMEND, MODIFY, REVOKE, OR WITHDRAW THIS PLAN PRIOR TO ITS EFFECTIVE DATE.**

## IV.    TREATMENT OF UNCLASSIFIED CLAIMS

As provided in 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Priority Tax Claims, and Professional Fee Claims are unclassified claims, not considered Impaired and not entitled to vote on the Plan, because they are automatically entitled to the specific treatment provided for them in the Bankruptcy Code. Treatment of these claims is provided below.

**A.    Administrative Claims**. The Debtor expects that the bulk of its Administrative Claims, other than Professional Fee Claims, will be the B. Mascolo Trust Claim, which will be added to and paid in accordance with the terms of the B. Mascolo Trust Letter of Credit.  With respect to all other Administrative Claims, except to the extent that a Holder of an Allowed Administrative Claim and either the Debtor or Reorganized Debtor, as applicable, agree to less favorable treatment, each Holder of an Allowed Administrative Claim (other than Professional Fee Claims) will, in exchange for full and final satisfaction, settlement, release, and discharge of the Allowed Administrative Claim, be paid the full unpaid amount of such Allowed Administrative Claim in Cash within fourteen days of the Effective Date, provided, however, that Administrative Claims incurred by the Debtor in the ordinary course of business shall be paid in accordance with applicable terms and conditions without further notice to or order of the Bankruptcy Court and any cure amounts related to leases and/or executory contracts that are assumed shall be paid in full in connection with such assumption as set forth below.  All statutory fees payable under 28 U.S.C. § 1930 shall be paid as such fees become due.

**Estimated Amount of Administrative Claims:  $700,000.00**

**B.    Professional Fee Claims**. Each Allowed Professional Fee Claim shall be paid in full in Cash on the later of: (a) the Effective Date, (b) three business days after the Professional Fee Claim is Allowed, and (c) another date on which the holder of the

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 14 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

Professional Fee Claim and the Debtor or Reorganized Debtor agree. Each Person seeking an award by the Bankruptcy Court of Professional Fees must file with the Bankruptcy Court and serve on Reorganized Debtor its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date by the Professional Fee Bar Date.

**Estimated Amount of Professional Fee Claims: $120,000.00**

**C.    Priority Tax Claims**. Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to less favorable treatment, in exchange for full and final satisfaction, settlement, release, and discharge of each Allowed Priority Tax Claim, each Holder of an Allowed Priority Tax Claim due and payable on or prior to the Effective Date shall receive the treatment set forth in section 1129(a)(9)(C) of the Bankruptcy Code. To the extent any Allowed Priority Tax Claim is not due and owing on or before the Effective Date, such Claim shall be paid in full in Cash in accordance with the terms of any agreement between the Debtor and such Holder or as may be due and payable under applicable non-bankruptcy law or in the ordinary course of business.

**Estimated Amount of Priority Tax Claims:  $0.00**

**V.    CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS**

**A.    Classification and Treatment Generally**. Pursuant to sections 1122, 1123, and 1190 of the Bankruptcy Code, set forth below is a designation of Classes of Claims and Interests, which are placed in a particular Class for all purposes under the Plan, including, without limitation, voting, confirmation, and receiving distributions under the Plan, as set forth herein. In accordance with section 1123(a)(1) of the Bankruptcy Code, Claims arising under sections 507(a)(2) or 507(a)(8) of the Bankruptcy Code are not classified and their treatment is set forth in Article IV.

**B.    Classification and Treatment of Classified Claims and Interests**. Classified Claims and Interests are divided into numbered classes as follows:

| Class | Treatment | Entitled To Vote |
| --- | --- | --- |

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

| Class 1 – Priority Non-Tax Claims | Unimpaired | No (Deemed to Accept) |
|---|---|---|
| Class 2 – General Unsecured Claims | Impaired | Yes |
| Class 3 – Interests | Unimpaired | No (Deemed to Accept) |

1. **Class 1: Priority Non-Tax Claims**

    a.   *Treatment*: Except to the extent that a Holder of an Allowed Other Priority Claim agrees to less favorable treatment, in exchange for full and final satisfaction, settlement, and release of such Claim, each Holder shall receive payment of its Allowed Priority Non-Tax Claim in full in cash on, or as soon as reasonably practicable thereafter, the later of (a) the Effective Date and (b) the date on which such Claim becomes an Allowed Priority Non-Tax Claim.

    b.   *Impairment and Voting*: Class 1 is Unimpaired and all Holders of Class 1 Claims are conclusively deemed to have accepted the Plan and are not entitled to vote on the Plan.

**Estimated Amount of Claims in Class 1: $0.00**

2. **Class 2: General Unsecured Claims**

    a.   *Treatment:* Except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, each Holder shall, in exchange for full and final satisfaction, settlement, and release of such Claim, receive its *pro rata* portion of the Debtor's Projected Disposable Income, as projected in <u>Exhibit 3</u>, for a period of five years after the Effective Date. The Debtor shall make distributions on a quarterly basis (on the 15th day of March, June, September, and December) through the five year term of the Plan, but only to the extent that Projected Disposable Income is available for distribution.  The Debtor's Projected Disposable Income shows that no payments will be made until year 4.  In

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 16 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

year 4, holders of Allowed General Unsecured Claims will receive their *pro rata* share of 54,011.88 on a quarterly basis. In year 5, holders of Allowed General Unsecured Claims will receive their *pro rata* share of $45,886.88 on a quarterly basis. Once the Debtor has made all such quarterly payments, all obligations to Class 2 General Unsecured Creditors under this Plan are fully satisfied.

b.    *Impairment and Voting*: Class 2 is Impaired and all Holders of Class 2 Claims are entitled to vote on the Plan.

**Estimated Amount of Claims in Class 2: $1,975,000 - $2,550,000**

3.    **Class 3: Interests**

a.    *Treatment*: All holders of Interests shall retain their Interests.

b.    *Impairment and Voting*: Class 3 is Unimpaired and all Holders of Class 3 Interests are conclusively deemed to have accepted the Plan and are not entitled to vote on the Plan.

## VI.    MEANS OF IMPLEMENTATION

**A.    Plan Funding**. All payments and distributions under this Plan will be made using cash on hand at the Effective Date, the Debtor's Projected Disposable Income for the next five years, and amounts that will be paid to the Reorganized Debtor pursuant to the terms of the B. Mascolo Trust Letter of Credit.

**B.    Continued Reorganized Operations**. The Reorganized Debtor will continue to operate with the primary purpose of producing and selling CFG Branded Products to professional salons.

**C.    Corporate Governance**. The Reorganized Debtor will continue to be managed by Kyara Mascolo. On the Effective Date, Kyara Mascolo will remain the manager of the Reorganized Debtor.

**D.    Section 1145 Exemption**. In accordance with section 1145 of the Bankruptcy Code, the retention under the Plan of the Interests is exempt from all federal,

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 17 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

state, or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker dealer in such securities and is not deemed to be a public offer of such securities.

        **E.**     **Prepetition Date Inventory**. As of the Petition Date, the Debtor had inventory of CFG Branded Products that were produced using the prior packaging that is the subject of the preliminary injunction in the TIGI Case. The Debtor has taken steps to remove liquid product from the prior packaging and to destroy the bottles and pumps. The Debtor's inventory of liquid product is now contained in barrels pending the packaging redesign.  The Debtor is evaluating its options with respect to product contained in aerosol cans and is considering whether it can be sold if an agreement can be reached with the TIGI Group or whether it should be donated or abandoned.

        **F.**     **Rights of Action**. The Debtor does not believe that it has any Rights of Action, including any claims or causes of action arising under chapter 5 of the Bankruptcy Code or against any Insiders. The Debtor has reviewed its prepetition transactions and relationships and has concluded that no viable avoidance actions, preference claims, fraudulent transfer claims, or other causes of action exist. Accordingly, the Debtor does not anticipate pursuing any Rights of Action under this Plan.

## VII.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

        **A.**     **Assumption and Rejection of Executory Contracts and Unexpired Leases**. The Debtor intends to assume the following Executory Contracts or Unexpired Leases under this Plan and to pay the following Cure Amounts:  Any counterparty to an Executory Contract or Unexpired Lease that objects to (1) the assumption of such Executory Contract or Unexpired Lease, (2) the proposed Cure amount, (3) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed, or (4) any other matter pertaining to assumption, shall file a written objection and serve it on the Notice Parties by the deadline to object to this Plan.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 18 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

| Counterparty | Contract | Cure Amount |
|---|---|---|
| Evanston Insurance Co. | Business Personal Property Insurance Policy | $0.00 |
| Evanston Insurance Co. | General Liability Policy | $0.00 |
| FillStorShip LLC | Warehouse Agreement | $7,098.43 |
| Santander Consumer USA | Vehicle Lease | $787.73 |
| Scottsdale Insurance Company | Business Management Indemnity Policy | $0.00 |
| State Farm | Auto Insurance Policy | $0.00 |

All other Executory Contracts or Unexpired Leases shall be rejected as of the Effective Date.

Entry of the Confirmation Order shall constitute a Final Order approving the assumptions or rejections of such Executory Contracts or Unexpired Leases as set forth in the Plan, all pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

**B.     Bar Date for Rejection Damages**. If the rejection by the Debtor of an executory contract or an unexpired lease pursuant to this Article results in damages to the other party or parties to such executory contract or unexpired lease, a Rejection Claim arising from such rejection shall not be enforceable against the Debtor or its Estate or agents, successors, or assigns, unless a proof of Claim is filed so as to actually be received on or before thirty (30) days after the Effective Date.

## VIII.  DISTRIBUTIONS

**A.     Reorganized Debtor to Make Distributions**. Unless ordered otherwise in the Confirmation Order, the Reorganized Debtor shall make all payments required by this Plan.

**B.     Method of Payment; Payments, Filings, and Notices Only on Business Days**. Payments of Cash under the Plan must be made by check drawn on a domestic bank or by wire transfer from a domestic bank. Whenever any payment, distribution, filing, delivery, or notice to be made under the Plan is due on a day other than a Business Day,

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 19 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

such payment, distribution, filing, delivery, or notice may instead be made, without interest or penalty, on the immediately following Business Day.

**C.   Undeliverable or Unclaimed Distributions**. Payments required by this Plan, if made by check, shall be mailed to the address set forth in any proof of claim, to the address set forth in any written notice of address change filed with the Bankruptcy Court or provided to the Debtor or its counsel, or to the address set forth in the Debtor's schedules if no proof of claim has been filed and no written notice of address change has been filed or provided. If any distribution to a Holder of an Allowed Claim is returned to the Reorganized Debtor as undeliverable, no further distributions shall be made to such Holder unless and until the Reorganized Debtor is notified in writing of such Holder's then-current address or other necessary information for delivery within 60 days of the later of (a) the Effective Date and (b) the date of the initial attempted distribution. If such Holder provides the requisite notification, the Reorganized Debtor will, within 30 days of receipt of such information, deliver such undeliverable distribution to the Holder. If such Holder fails to provide information within the 60 day period, such undelivered distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and revert to the Reorganized Debtor. Notwithstanding anything to the contrary contained in the Plan, nothing in this provision shall act as a bar to entry of a Final Decree or closure of the Chapter 11 Case.

**D.   Time Bar to Cash Payments**. Checks issued by the Reorganized Debtor in respect of Allowed Claims shall be null and void if not negotiated within 60 days after the date of issuance thereof. Thereafter, the amount represented by such voided check shall irrevocably revert to the Reorganized Debtor free and clear of any restrictions. Any Claim in respect of such voided check shall be discharged and forever barred from assertion against the Debtor, the Estate, or the Reorganized Debtor.

**E.   Setoff and Recoupment**. From and after the Effective Date, the Reorganized Debtor may, to the extent permitted by section 558 of the Bankruptcy Code or applicable non-bankruptcy law, set off against or recoup from any Claim on which

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 20 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

distributions are to be made, any Rights of Action of any nature whatsoever that the Reorganized Debtor may have against the Holder of such Claim; provided, however, that neither the failure to effect such setoff or recoupment nor the Allowance of any Claim shall constitute a waiver or release of any right of setoff or recoupment, nor of any other Cause of Action.

**F.    No Interest**. No interest shall accrue or be paid on any Claim.

**G.    Disputed Claims**. No payment will be made on account of a Disputed Claim unless such claim has been Allowed by final non-appealable order or resolved as provided below. Unless another time is set by order of the Bankruptcy Court, the Reorganized Debtor shall have until the Claim Objection Deadline to file objections to any Disputed Claim. The Claim Objection Deadline may be extended on motion of the Reorganized Debtor for cause, or on consent. For the avoidance of doubt, the Reorganized Debtor shall have the authority to settle and resolve any Disputed Claim on such terms as it deems appropriate without the need for Bankruptcy Court approval.

The Debtor or Reorganized Debtor, as the case may be, anticipates that it will object to the TIGI Group Claim, which was listed on the Schedules as disputed and unliquidated, and which was asserted by the TIGI Group in an unliquidated amount.  The Debtor understands that the claim resolution process with respect to the TIGI Group Claim will occur in the District Court, where the TIGI Case is currently pending. However, the Debtor does not believe that feasibility of this Plan is dependent on whether TIGI Group Claim is an Allowed General Unsecured Claim.

## IX.    ALLOWANCE OF CLAIMS AND INTERESTS

**A.    Disallowance of Claims**. Pursuant to Bankruptcy Code §§ 105 and 502(d), no distributions will be made with respect to Claims that are Disputed or to Claimants from which property is recoverable under Bankruptcy Code §§ 542, 543, 550, 553, 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) (including the Avoidance Actions) until such time as such objection or Rights of Action against that Claimant have been settled or resolved by a Final Order and all sums due to the Debtor are turned over to the

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 21 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

Reorganized Debtor. As soon as practicable after the date on which a Claim that is Disputed becomes Allowed, the holder of such newly Allowed Claim will receive all distributions to which it is entitled under the Plan.

**B.**    **No Distribution Pending Allowance**. Notwithstanding any other provision of the Plan, no payment or distribution shall be made with respect to any Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim. Any person who holds both an Allowed Claim and a Claim that is Disputed will receive the appropriate distribution on the Allowed Claim, but will not receive a distribution on the Claim that is Disputed.

**C.**    **Allowance of Claims**. Except as expressly provided for in the Plan, no Claim shall be deemed Allowed by virtue of the Plan, Confirmation Order, or any order of the Bankruptcy Court in this Chapter 11 Case, unless and until such Claim is Allowed.

## X.    EFFECT OF THE PLAN ON CLAIMS, INTERESTS, AND CAUSES OF ACTION

**A.**    **Binding Effect**. On and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against the Debtor who held such Claim at any time during the Chapter 11 Case and its respective successors and assigns, whether or not the Claim of such holder is Impaired under the Plan and whether or not such holder has been deemed to accept the Plan.

**B.**    **Vesting of Assets**. Except as otherwise explicitly provided in this Plan, on the Effective Date, all property comprising the Estate (including Rights of Action, but excluding property that has been abandoned pursuant to an order of the Bankruptcy Court) shall vest in the Reorganized Debtor free and clear of all Claims, liens, charges, interests, and encumbrances. As of and following the Effective Date, the Reorganized Debtor may operate its business and use, acquire, and dispose of property and settle and compromise Claims, Interests, or Rights of Action without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by this Plan or the Confirmation Order.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 22 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

**C.** **Authority to Effectuate Plan**. Upon the entry of the Confirmation Order by the Bankruptcy Court (but subject to the occurrence of the Effective Date), and except as may otherwise be provided herein, any treatment or actions provided for or contemplated under the Plan shall be deemed to be authorized and approved without any further order or approval of the Bankruptcy Court. The Debtor shall be authorized, without further application to or order of the Bankruptcy Court but subject to the terms of the Plan to take whatever action is necessary or proper to consummate and carry out the Plan, to consummate any transaction provided for herein, and to effectuate the distributions provided for hereunder.

**D.** **Discharge**. In the event this Plan is confirmed under Bankruptcy Code § 1191(a), as of the Effective Date the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in Bankruptcy Code § 1141(d)(1)(A), except that the Debtor will not be discharged of any debt imposed by this Plan.

In the event this Plan is confirmed under Bankruptcy Code §  1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan unless the Bankruptcy Court grants a discharge on completion of all payments due under this Plan, or as otherwise provided in Bankruptcy Code § 1192.

**XI.** **EXCULPATION, INJUNCTION, AND RELATED PROVISIONS**

**A.** **Exculpation**. Except as otherwise specifically provided for in this Plan, no Exculpated Party shall have or incur any liability for, and the Exculpated Parties are hereby exculpated from, any cause of action for any claim related to any act or omission from the Petition Date to the Effective Date for any act or omission in connection with, related to, or arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for: (i) willful misconduct, fraud or gross negligence and (ii) with respect to an Exculpated Party that is an attorney subject to rules of professional conduct, claims for legal malpractice, provided, however, that in all respects,

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 23 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

such Exculpated Party shall be entitled to the fullest extent permitted by law to assert as a defense to any claim that such Exculpated Parties reasonably relied upon the advice of counsel with respect to their duties and responsibilities. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, discharges, and any other applicable law, Bankruptcy Court order, or rules protecting such Persons from liability.

**B.     Injunction**. If the Court confirms this Plan on a consensual basis pursuant to Bankruptcy Code § 1191(a), the Debtor will receive a discharge upon confirmation of the Plan, which releases the debtor from all debts provided for in the Plan or disallowed under Bankruptcy Code § 502, except for debts that are nondischargeable under Bankruptcy Code § 523.  If the Court confirms this Plan on a nonconsensual basis pursuant to Bankruptcy Code § 1191(b), the Debtor shall receive a discharge of all debts provided for in the Plan upon completion of all payments due under the Plan. Such discharge operates as an injunction against the commencement or continuation of any action or the employment of any process to collect or recover any debt discharged under the Plan.

**C.     Preservation and Application of Insurance**. The provisions of this Plan shall not diminish or impair in any manner the enforceability of coverage of any insurance policies (and any agreements, documents, or instruments relating thereto) that may cover Claims against the Debtor, any directors, trustees, or officers of the Debtor, or any other Person, including, without limitation, insurance for the Debtor's directors and officers.

**D.     Retention, Reservation, and Prosecution of Rights of Action**. Except as otherwise provided in the Plan, all Rights of Action are retained and reserved for the Reorganized Debtor, which is designated as the Estate's representative under Bankruptcy Code § 1123(b)(3)(B) for purposes of the Rights of Action. The Reorganized Debtor shall have the sole authority to prosecute, defend, compromise, settle, and otherwise deal with any Rights of Action, and does so in its capacity as a representative of the Estate in accordance with Bankruptcy Code § 1123(b)(3)(B). The Reorganized Debtor shall have

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 24 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

sole discretion to determine in its business judgment which Rights of Action to pursue, which to settle, and the terms and conditions of those settlements. In pursuing any claim, cause, or Right of Action, the Reorganized Debtor shall be entitled to the extensions provided under section 108 of the Bankruptcy Code. Except as otherwise provided in the Plan, all Rights of Action shall survive confirmation and the commencement or prosecution of Rights of Action shall not be barred or limited by any estoppel, whether judicial, equitable, or otherwise.

## XII.   CONDITIONS TO OCCURRENCE OF EFFECTIVE DATE

**A.   Conditions to Effectiveness**. The Effective Date does not occur unless and until:

1.   The Confirmation Date occurs and the Confirmation Order has become a Final Order;

2.   No request for revocation of the Confirmation Order under Bankruptcy Code § 1144 is pending;

3.   All instruments and agreements to be issued, entered into, delivered, or filed under the Plan are issued, entered into, delivered, or filed and are effective.

**B.   Waiver of Conditions**. The Debtor may waive any condition to confirmation or the Effective Date, in whole or in part, at any time without notice, an order of the Bankruptcy Court, or any further action other than proceeding to confirmation and consummation of the Plan.

**C.   Effect of Non-Occurrence of the Effective Date**. If the Effective Date does not occur within sixty (60) days of the Confirmation Date, the Plan shall be null and void and nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims against the Debtor; or (b) constitute an admission, acknowledgement, offer, or undertaking by the Debtor. In the event that one or more of the conditions specified in herein shall not have occurred or otherwise not have been waived, (a) the Confirmation Order shall be vacated, (b) the Debtor and all holders of Claims and Equity Interests shall be restored to the status quo ante as of the day immediately preceding the Confirmation

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 25 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

Date as though the Confirmation Order were never entered, and (c) the Debtor's obligations with respect to Claims and Equity Interests shall remain unchanged and nothing contained herein shall constitute or be deemed a waiver or release of any Claims or Interests by or against the Debtor or any other Person or prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor.

## XIII. RETENTION OF JURISDICTION

The Bankruptcy Court shall retain and have subject matter jurisdiction over any matter arising under the Bankruptcy Code, or arising in, out of, or related to this Chapter 11 Case and the Plan, including jurisdiction to:

A. Resolve any matters related to Executory Contracts and Unexpired Leases, including: (i) the assumption, assumption and assignment, or rejection of Executory Contracts or Unexpired Leases to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear and determine the allowance of Claims resulting therefrom including the amount of Cure, if any, required to be paid; (ii) any potential contractual obligation under any Executory Contract or Unexpired Lease that is assumed; and (iii) any dispute regarding whether a contract or lease is or was executory or expired;

B. Adjudicate any and all adversary proceedings, applications, and contested matters that may be commenced or maintained pursuant to the Chapter 11 Case, this Plan, or that were the subject of proceedings before the Bankruptcy Court, prior to the Effective Date, proceedings to adjudicate the allowance of Disputed Claims, and all controversies and issues arising from or relating to any of the foregoing;

C. Ensure that distributions to Holders of Allowed Claims are accomplished as provided under this Plan and adjudicate any and all disputes arising from or relating to distributions under the Plan;

D. Hear and determine or resolve any and all matters related to Rights of Action;

E. Enter and implement any orders as may be appropriate if the Confirmation Order is for any reason stayed, revoked, modified, and/or vacated;

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 26 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

F.    Issue and implement orders in aid of execution, implementation, or consummation of this Plan and all contracts, instruments, releases, transactions, and other agreements or documents created in connection with the Plan to the extent authorized by Bankruptcy Code § 1142, including, but not limited to, orders interpreting, enforcing, or clarifying the provisions thereof;

G.    Consider any modifications of this Plan, to cure any defect or omission, or to reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

H.    Hear and determine all applications for allowance of compensation and reimbursement of Professional Fee Claims under this Plan or under sections 330, 331, 503(b), 1103, and 1129(a)(4) of the Bankruptcy Code; determine requests for the payment of Claims entitled to priority under section 507(a)(1) of the Bankruptcy Code, including compensation and reimbursement of expenses of parties entitled thereto; adjudicate, decide, or resolve any and all matters related to sections 1192 and/or 1141 of the Bankruptcy Code;

I.    Hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of this Plan or the Confirmation Order, including disputes arising under agreements, documents, or instruments executed in connection with this Plan and disputes arising in connection with any Person or entity's obligations incurred in connection with the Plan;

J.    Hear and determine all suits or adversary proceedings to recover assets of the Debtor and property of its Estate, wherever located;

K.    Hear and determine any timely objections to Claims, both before and after the Effective Date, including any objections to the classification of any Claim, and to allow, disallow, determine, liquidate, classify, estimate, or establish the priority of, or secured or unsecured status of any Claim, in whole or in part;

L.    Hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

243615497.3
237253-10004

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

M.     Grant any consensual request to extend the deadline for assuming or rejecting Unexpired Leases pursuant to section 365(d)(4) of the Bankruptcy Code, or in the event that the Effective Date does not occur, to consider any request to extend the deadline for assuming or rejecting Unexpired Leases pursuant to section 365(d)(4);

N.     Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with the consummation or enforcement of the Plan;

O.     Enforce all orders, judgments, and rulings entered in connection with the Chapter 11 Case and to determine any other matters that may arise in connection with or are related to the Plan and the Confirmation Order;

P.     Enforce the permanent injunction created by the Confirmation Order and Article XI hereof.

Q.     Hear any other matter not inconsistent with the Bankruptcy Code;

R.     Hear and determine all disputes involving the existence, nature, or scope of the Debtor's discharge;

S.     Issue a final decree and enter an order closing the Chapter 11 Case; and

T.     Enforce all orders previously entered by the Bankruptcy Court.

U.     Nothing contained in this Article shall be construed to increase, decrease, or otherwise modify the independence, sovereignty, or jurisdiction of the Bankruptcy Court.

## XIV.  MISCELLANEOUS

**A.     Effecting Documents; Further Transactions; Timing**. The Debtor and Reorganized Debtor are authorized and directed as of the Effective Date, without further order of the Bankruptcy Court, to execute, deliver, file, or record all contracts, instruments, releases, and other agreements or documents, and to take all actions necessary or appropriate to effect and further evidence the terms of the Plan. All transactions required to occur on the Effective Date under the terms of the Plan are deemed to have occurred simultaneously.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 28 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

**B.    Continuing Viability of Other Orders/Agreements**. Except to the extent expressly modified by the Plan, all Final Orders previously entered by the Bankruptcy Court shall continue in full force and effect.

**C.    Post-Effective Date Fees; Final Decree**. Notwithstanding anything to the contrary contained in the Plan, all fees payable through the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid on the Effective Date, or as soon as practicable thereafter. The Reorganized Debtor is responsible for filing post-confirmation reports until the Bankruptcy Court enters a final decree, which Reorganized Debtor must seek as soon as feasible after distributions under the Plan have commenced.

**D.    Modification and Amendments**. The Debtor may alter, amend, or modify this Plan under section 1193(a) of the Bankruptcy Code at any time prior to the Confirmation Date. After the Confirmation Date and prior to substantial consummation of this Plan as defined in section 1101(2) of the Bankruptcy Code, the Debtor may under section 1193(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects of this Plan.

**E.    Revocation, Withdrawal, or Non-Consummation**. The Debtor reserves the right to revoke or withdraw this Plan at any time prior to the Effective Date, which revocation or withdrawal shall occur upon the Debtor's filing of a notice thereof, and to file subsequent chapter 11 plans. If the Debtor revokes or withdraws the Plan, it shall be null and void and, in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Rights of Action or Claims by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor.

**F.    Exhibits/Schedules**. All exhibits and schedules to the Plan are incorporated into and are a part of the Plan as if set forth in full herein.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 29 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

**G.**   **Notices**. After the Effective Date, any pleading, notice, or other document required by the Plan to be served on or delivered on the parties below shall be served as follows:

*If to the Reorganized Debtor:*

Cool Freakin' Genius LLC
Attn:  Kyara Mascolo
9229 Sunset Blvd., 8th Floor
West Hollywood, CA 90069

With a copy (which shall not constitute notice) to:

Bernard R. Given II
LOEB & LOEB LLP
10100 Santa Monica Blvd, 22nd Floor
Los Angeles, CA 90067
T: 310-282-2000
F: 310-282-2200
bgiven@loeb.com

Bethany D. Simmons
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
T: 212-407-4000
F: 212-407-4990
bsimmons@loeb.com

*If to the U.S. Trustee:*

Office of the United States Trustee for the Central District of California (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
T: 213-894-3240
F: 213-894-2603
david.S.Shevitz@usdoj.gov

*If to the Subchapter V Trustee:*

Moriah Douglas Flahaut
Echo Park Legal, APC
2210 Sunset Blvd. #301
Los Angeles, CA 90026
T: 310-709-0658

**H.**   **Entire Agreement**. Except as otherwise indicated, the Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements,

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 30 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

understandings, and representations on such subjects, all of which have become merged and integrated into the Plan.

**I.     Severability**. If, prior to the Confirmation Date, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is (a) valid and enforceable pursuant to its terms, (b) integral to the Plan and may not be deleted or modified without the Debtor's consent, and (c) nonseverable and mutually dependent.

**J.     Conflicts**. To the extent of any conflict between the Plan and the Confirmation Order, the Confirmation Order shall control.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 31 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

Dated: June 18, 2026

Respectfully submitted,

Cool Freakin' Genius LLC

_____
Kyara Mascolo
Manager

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 33 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

# EXHIBIT 1

The following terms have the respective meanings specified below, except as expressly provided in other sections of the Plan, unless the context otherwise requires (such meanings to be equally applicable to both the singular and plural, and masculine and feminine, forms of the terms defined). Any capitalized term used in the Plan but not defined herein that is used in the Bankruptcy Code or Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or Bankruptcy Rules.

1.    **Administrative Claim**: A Claim for any expense Allowed under Bankruptcy Code §§ 503(b), 507(b), or 546(c)(2) and entitled to priority under Bankruptcy Code § 507(a)(2), including: (a) fees payable under 28 U.S.C. § 1930; (b) actual and necessary costs and expenses incurred in the ordinary course of the Debtor's business; (c) actual and necessary costs and expenses of preserving the Estate or administering the Chapter 11 Case; and (d) all Professional Fee Claims to the extent Allowed by Final Order under Bankruptcy Code §§ 330, 331, or 503.

2.    **Administrative Claims Bar Date**: For all Administrative Claims except Professional Fee Claims, the first business day that is 14 days following the Effective Date, unless the Bankruptcy Court has entered an order setting an earlier Administrative Claims Bar Date.

3.    **Allowed**: Means, with respect to any Claim or Interest, against the Debtor, (a) any Claim against the Debtor that has been listed by the Debtor in the Schedules (as such Schedules may be amended from time-to-time in accordance with Bankruptcy Rule 1009) as liquidated in amount and not disputed or contingent and for which no contrary proof of Claim has been filed or no timely objection to allowance or request for estimation has been interposed, (b) any timely filed proof of Claim as to which no objection has been or is interposed in accordance with the Plan or such other applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Bankruptcy Court, or as to which any objection has been determined by a Final Order to

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

the extent such objection is determined in favor of the respective holder of such Claim, (c) any Claim expressly allowed by a Final Order or under the Plan "Allowed Administrative Expense Claim" or "Allowed Claim" shall not, for any purpose under the Plan, include interest on such Claim from and after the Petition Date, (d) any Claim or Interest or any portion thereof that the Debtor has assented to the validity of or that has been expressly allowed under the Plan or (e) that is agreed to by the Debtor or Reorganized Debtor and the holder of such Claim or Interest.

4.    **Allowed […] Claim**: An Allowed Claim in the particular Class or category specified.

5.    **B. Mascolo Trust:**  Bruno Mascolo 2015 Delaware Grantor Trust.

6.    **B. Mascolo Trust Claim**:  Allowed Administrative Claim of B. Mascolo Trust on account of unsecured loans extended to the Debtor after the Petition Date and which will be added to the balance of the B. Mascolo Trust Letter of Credit on the Effective Date.

7.    **B. Mascolo Trust Letter of Credit:**  Letter of Credit from B. Mascolo Trust to Debtor, dated as of the Effective Date, in an amount up to $2,100,000.

8.    **Bankruptcy Code**: Title 11 of the United States Code as of the Petition Date.

9.    **Bankruptcy Court**: The United States Bankruptcy Court for the Central District of California (Los Angeles Division), which has jurisdiction over the Chapter 11 Case or in the event such court ceases to exercise jurisdiction over this Chapter 11 Case, any other court or adjunct thereof that exercises jurisdiction over the Chapter 11 Case.

10.    **Bankruptcy Rules**: The Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as amended, the Federal Rules of Civil Procedure, as amended, as applicable to the Chapter 11 Case or proceedings therein, and the Local Rules of the Bankruptcy Court, as applicable to the Chapter 11 Case or proceedings therein, as the case may be.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 2 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

11.    **Bar Date**: April 14, 2026, which was the date fixed by order of the Bankruptcy Court [Dkt. No. 7] as the date by which all proofs of claim with the exception of those asserted by governmental entities (as defined in the Bankruptcy Code) were required to be filed against the Debtor. For the avoidance of doubt, the Bar Date is not inclusive of the Rejection Claim Bar Date.

12.    **Business Day**: Any day, excluding Saturdays, Sundays, and "legal holidays" (as defined in Bankruptcy Rule 9006(a)), on which commercial banks are open for business in Los Angeles, California.

13.    **Cash**: Currency, checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks, money orders, negotiable instruments, and wire transfers of immediately-available funds.

14.    **CFG Branded Products**: The Cool Freakin' Genius and **freakin' genius** branded products produced, marketed, and sold by the Debtor within the cosmetics, haircare, and beauty business segments.

15.    **Chapter 11 Case**: The case under chapter 11 of the Bankruptcy Code for the Debtor pending before the Bankruptcy Court under Case No. 2:26-bk-11023-BB.

16.    **Claim**: A claim against the Debtor or its property as defined in Bankruptcy Code § 101(5).

17.    **Claimant**: An entity that holds a Claim against the Debtor that arose at the time of or before the Petition Date, or an entity that has a Claim against the Bankruptcy Estate of a kind specified in Bankruptcy Code §§ 348(d), 502(f), 502(g), 502(h), or 502(i).

18.    **Claim Objection Deadline**: The first Business Day that is 180 days after the Effective Date or such other later date set by order of the Bankruptcy Court.

19.    **Class**: A category consisting of holders of Claims or Interests substantially similar in nature to the Claims or Interests of other holders placed in that category, as designated in Article V of the Plan pursuant to Bankruptcy Code § 1122.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 3 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

20. **Confirmation Date**: The date the Bankruptcy Court enters the Confirmation Order on its docket, within the meaning of Bankruptcy Rules 5003 and 9021.

21. **Confirmation Hearing**: The hearing held by the Bankruptcy Court to consider confirmation of the Plan, as such hearing may be adjourned or continued from time to time.

22. **Confirmation Order**: The order confirming the Plan in accordance with the provisions of the Bankruptcy Code.

23. **Counsel for the Debtor**: Bernard R. Given II, Loeb & Loeb LLP, 10100 Santa Monica Blvd, 22nd Floor, Los Angeles, CA 90067, T: 310-282-2000, F: 310-282-2200, bgiven@loeb.com and Bethany D. Simmons, 345 Park Avenue, New York, NY 10154, T: 212-407-4000, F: 212-407-4990, bsimmons@loeb.com

24. **Cure**: The payment of Cash by the Debtor, or the distribution of other property (as the parties may agree or the Bankruptcy Court may order), as necessary to cure monetary defaults under an Executory Contract or Unexpired Lease of the Debtor and to permit the Debtor to assume that contract or lease under § 365(a) of the Bankruptcy Code.

25. **Debtor**: Cool Freakin' Genius LLC the debtor and debtor-in-possession in this Chapter 11 Case.

26. **Debtor-in-Possession**: The Debtor, during the period commencing on the Petition Date and ending on the Effective Date.

27. **Disallowed**: A Claim as to which a Final Order has been entered disallowing the Claim or a portion thereof.

28. **Disputed**: Means, as to any Claim (or portion thereof) or Interest against the Debtor, a Claim or Interest that is not an Allowed Claim or Interest and (a) is listed on the Schedules as disputed, unliquidated, or contingent, (b) is filed pursuant to Bankruptcy Code § 501(a) as unliquidated or contingent, or (c) as to which the Debtor or any party in

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 4 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

interest with standing, has interposed a timely objection or request for estimation or subordination in accordance with the Bankruptcy Code and the Bankruptcy Rules that has not been determined by Final Order.

29.     **Distribution**: A quarterly payment to the Holder of an Allowed Claim or its *pro rata* portion of the Debtor's Projected Disposable Income, pursuant to the terms of this Plan.

30.     **Effective Date**: The date on which this Plan shall take effect, which date shall be a Business Day on or after the Confirmation Date on which all conditions precedent to the effectiveness of this Plan specified in Article XIII, have been satisfied, or, if capable of being waived, waived, which date shall be specified in a notice filed by the Reorganized Debtor with the Bankruptcy Court.

31.     **Estate**: The bankruptcy estate of the Debtor created pursuant to section 541 of the Bankruptcy Code.

32.     **Exculpated Parties (and each individually an Exculpated Party):** (a) the Debtor, (b) the Reorganized Debtor, and (c) the Debtor's and Reorganized Debtor's manager, employees, advisors, agents, and retained professionals, but only to the extent that such parties were closely involved in this Chapter 11 Case and the negotiation and drafting of the Plan.

33.     **Executory Contract**: Any contract to which the Debtor is a party that is subject to assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.

34.     **Final Decree**: An order entered by the Bankruptcy Court closing the Chapter 11 Case.

35.     **Final Order**: An order as to which the time to appeal, petition for *certiorari*, or move for re-argument or rehearing has expired and as to which no appeal, petition for *certiorari*, or other proceedings for re-argument or rehearing shall then be pending or as to which any right to appeal, petition for *certiorari*, move for re-argument, or rehearing shall have been waived in writing or, in the event an appeal, writ of

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 5 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

*certiorari*, or re-argument or rehearing thereof has been sought, such order shall have been affirmed by the highest court to which such order was appealed, or *certiorari* has been denied, or from which re-argument or rehearing was sought, and the time to take any further appeal, petition for *certiorari*, or motion for re-argument or rehearing shall have expired; *provided, however*, the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure, may be filed with respect to such order shall not cause such order not to be a Final Order.

36.    **General Unsecured Claim**: Any Claim against the Debtor existing as of the Petition Date other than an Administrative Claim, Priority Tax Claim, or Priority Non-Tax Claim.

37.    **Holder**: A Person holding a Claim or Interest or any authorized agent who has completed, executed, and delivered a Ballot in accordance with the applicable voting instructions.

38.    **Impaired**: Means impaired within the meaning of section 1124 of the Bankruptcy Code.

39.    **Insider**: Insider shall have the meaning ascribed to it in Bankruptcy Code § 101(31).

40.    **Interest**: Any equity interest in the Debtor represented by any certificated or uncertificated shares or membership interest issued to any Person before the Effective Date, and any warrants, options, or rights to purchase any equity interest.

41.    **Notice Parties**: Counsel to the Debtor, the Subchapter V Trustee, and the U.S. Trustee.

42.    **Person**: An individual, corporation, partnership, limited liability company (including its members), joint venture, trust, estate, unincorporated association, unincorporated organization, governmental entity, or political subdivision thereof, or any other entity.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 6 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

43.    **Petition Date**: February 3, 2026, the date upon which the Debtor filed its voluntary Chapter 11 bankruptcy petition.

44.    **Plan**: This plan and all exhibits hereto, either in its present form or as may be altered, amended, modified, or supplemented from time to time proposed by the Debtor pursuant to Sections 1190, 1191, and 1129 of the Bankruptcy Code and the Bankruptcy Rules.

45.    **Priority Claims**: All Priority Non-Tax Claims and Priority Tax Claims.

46.    **Priority Non-Tax Claims**: Those claims afforded priority under Bankruptcy Code § 507(a) other than Administrative Claims and Priority Tax Claims.

47.    **Priority Tax Claims**: Those claims afforded priority under Bankruptcy Code §§ 502(i) or 507(a)(8).

48.    **Pro Rata Share**: The proportionate share of a distribution calculated by dividing proportionately among the Allowed Claims in a Class according to the aggregate amount of the Allowed Claims in such Class.

49.    **Professional**: Those persons (a) retained pursuant to an order of the Bankruptcy Court in accordance with Bankruptcy Code §§ 327, 1103, and/or 1106 and to be compensated for services rendered prior to the Effective Date pursuant to Bankruptcy Code §§ 327, 328, 329, 330, and/or 331; or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Bankruptcy Code §§ 330 and 503(b)(2).

50.    **Professional Fee Bar Date**: The first Business Day that is 30 days after the Effective Date.

51.    **Professional Fee Claim**: To the extent Allowed pursuant to a Final Order of the Bankruptcy Court, (a) a claim under Bankruptcy Code §§ 327, 331, 503(b), 1103, or 1106 for compensation for professional services rendered or expenses incurred prior to the Effective Date on the Estate's behalf; by a Professional, which, for this purpose include

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 7 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

the Subchapter V Trustee and (b) a claim under Bankruptcy Code § 503(b)(4) for compensation for professional services rendered.

52. **Projected Disposable Income**:  Has the meaning for "disposable income" set forth in 11 U.S.C. § 1191(d).

53. **Rejection Claim**: Any Claim for amounts due as a result of the rejection of any executory contract or unexpired lease that is rejected by the Debtor pursuant to the Plan, which Claim must be filed by the Rejection Claim Bar Date.

54. **Reorganized Debtor**: The Debtor upon and after the Effective Date of this Plan.

55. **Rights of Action**: Any and all actions, claims, proceedings, causes of action, suits, accounts, demands, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, and whether asserted or assertable directly or derivatively, in law, equity or otherwise, including actions brought prior to the Petition Date, actions under chapter 5 of the Bankruptcy Code, and actions against any Person or entity for failure to pay for products or services provided or rendered by the Debtor, all claims, suits or proceedings relating to enforcement of the Debtor's intellectual property rights, including patents, copyrights and trademarks, and all claims or causes of action seeking recovery of the Debtor's or the Reorganized Debtor's accounts receivable or other receivables or rights to payment created or arising in the ordinary course of the Debtor's or the Reorganized Debtor's businesses, based in whole or in part upon any act or omission or other event occurring prior to the Petition Date or during the course of the Chapter 11 Case, including through the Effective Date.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 8 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

56.      **Schedules**: The Debtor's schedules of assets and liabilities, statements of financial affairs, and such other schedules in accordance with Bankruptcy Code § 521 filed by the Debtor with the Bankruptcy Court.

57.      **Subchapter V Trustee**: Moriah Douglas Flahaut, the trustee appointed by the U.S. Trustee under Section 1183(a) of the Bankruptcy Code, on February 4, 2026 [Dkt. No. 6].

58.      **TIGI Case**:  The case captioned *TIGI Linea CORP., TIGI Holdings LTD., and Elida Beauty U.S. (IP) LLC v. Cool Freakin Genius LLC*, Case No. 2:25-cv-10761-ODW-AS in the United States District Court for the Central District of California.

59.      **TIGI Group**: TIGI Linea Corp., TIGI Holdings Ltd., and Elida Beauty US (IP) LLC.

60.      **TIGI Group Claim**:  Proof of Claim No. 2 filed by the TIGI Group in this Chapter 11 Case.

61.      **U.S. Trustee**: The Office of the United States Trustee for the Central District of California (LA); 915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017, T: 213 894-6811.

62.      **Unexpired Lease**: A lease of nonresidential real property to which Debtor is a party that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

63.      **Unimpaired**: Means, with respect to a Class of Claims or Interests, such Class is not Impaired.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

- 9 -

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

# **EXHIBIT 2**

## **LIQUIDATION ANALYSIS**

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

**Exhibit 2**
**(Liquidation Analysis)**

| ASSETS | Liquidation Value | | Notes |
|---|---|---|---|
| Cash | $ | 20,000 | |
| Accounts Receivable | $ | 18,000 | |
| Inventory | $ | - | Absent a resolution of the District Court's Preliminary Injunction, existing inventory cannot be sold. |
| Office Equipment | $ | 36,000 | Book value. |
| Intangibles and IP | $ | - | The Debtor believes that its intangibles and IP have little value outside the operating business. |
| **TOTAL LIQUIDATION VALUE OF ASSETS** | | **$ 74,000** | |
| | | | |
| **LIABILITIES** | | | |
| Chapter 11 Professional Fee Claims | $ | 120,000 | |
| B. Mascolo Trust Claim | $ | 700,000 | |
| Chapter 7 Trustee Commissions | $ | 6,950 | |
| Chapter 7 Administrative Expenses | $ | 50,000 | |
| **TOTAL ADMIN, SECURED & PRIORITY LIABILITIES** | | **$ 876,950** | |
| | | | |
| **TOTAL AVAILABLE FOR UNSECURED CREDITORS** | | **$ (802,950)** | |

# EXHIBIT 3

## DISPOSABLE INCOME ANALYSIS

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243615497.3
237253-10004

DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION

# Cool Freakin' Genius LLC

## 1-5 Year Projection

| | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 |
|---|---|---|---|---|---|
| Income | $300,000.00 | $600,000.00 | $1,200,000.00 | $1,750,000.00 | $2,000,000.00 |
| | | | | | |
| Cost of Goods Sold | ($150,000.00) | ($300,000.00) | ($480,000.00) | ($600,000.00) | ($800,000.00) |
| Accounting Fees | ($35,000.00) | ($40,000.00) | ($45,000.00) | ($50,000.00) | ($60,000.00) |
| Legal Fees | ($150,000.00) | ($25,000.00) | ($30,000.00) | ($35,000.00) | ($40,000.00) |
| Dues & Subscriptions | ($3,500.00) | ($4,000.00) | ($4,500.00) | ($5,000.00) | ($5,500.00) |
| Freight & Delivery (outbound) | ($15,000.00) | ($20,000.00) | ($25,000.00) | ($30,000.00) | ($35,000.00) |
| Office Expenses | ($25,000.00) | ($30,000.00) | ($35,000.00) | ($40,000.00) | ($45,000.00) |
| Insurance - Liability | ($10,000.00) | ($12,000.00) | ($14,000.00) | ($16,000.00) | ($18,000.00) |
| Travel Expenses | ($40,000.00) | ($50,000.00) | ($55,000.00) | ($60,000.00) | ($65,000.00) |
| Advertising/Promotion | ($60,000.00) | ($70,000.00) | ($80,000.00) | ($90,000.00) | ($100,000.00) |
| Outside Services | ($150,000.00) | ($130,000.00) | ($120,000.00) | ($110,000.00) | ($100,000.00) |
| Payroll Expenses | ($300,000.00) | ($350,000.00) | ($400,000.00) | ($450,000.00) | ($500,000.00) |
| Auto Lease | ($9,450.00) | ($9,450.00) | | | |
| Loan Interest Payment | ($23,974.15) | ($41,195.80) | ($46,135.30) | ($47,952.48) | ($47,952.48) |
| | | | | | |
| Net Income | ($671,924.15) | ($481,645.80) | ($134,635.30) | $216,047.52 | $183,547.52 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA  90067-4120**

A true and correct copy of the foregoing document entitled (*specify*): _____
**DEBTOR'S FIRST AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION DATED JUNE 18, 2026**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **06/18/2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Moriah Douglas Flahaut (TR)
df@echoparklegal.com, C194@ecfcbis.com;fritz@echoparklegal.com

David Samuel Shevitz on behalf of U.S. Trustee United States Trustee (LA)
David.S.Shevitz@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **06/18/2026** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/18/2026 | Fiona McKeown | /s/ Fiona McKeown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**Service List**

Moriah Douglas Flahaut (TR)
Echo Park Legal, APC
2210 Sunset Blvd. #301
Los Angeles, CA 90026

U.S. Trustee
United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

Intuit (software&payroll) subscription
c/o CSC
251 Little Falls Drive
Wilmington, DE 19808

Adams Duerk and Kamenstein LLP
Alec Johnson
445 S Figueroa Street Suite 2300
Los Angeles, CA  90071

Bank of America
Attn: Bankruptcy Department
475 Cross Point Pkwy PO Box 9000
Getzville, NY 14068

CitiCards
PO Box 6500
Sioux Falls, SD 57117

Elida Beauty US (IP) LLC
1656 Waters Ridge Dr
Lewisville, TX 75057

FillStorShip LLC
C/o Chad Junkin
15601 Cypress St
Irwindale, CA 91706

Fross Zelnick Lehrman and Zissu PC
Leo Kittay
152 West 42nd St 18th Fl
New York, NY 10037
Fross Zelnick Lehrman and Zissu PC
Jessica G Ogden
151 West 42nd St 17th Fl
New York, NY 10036

242944986.1
237253-10004

TIGI Corp
800 Sylvan Ave
Englewd Clfs, NJ 07632


TIGI Holdings Ltd
C/O Dwf Co Secretarial Services Ltd
1 Scott Place 2 Hardman Street
Manchester, UK M3 3AA

242944986.1
237253-10004